John F. Kurtz, Jr., ISB No. 2396
Dane Bolinger, ISB No. 9104
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5232
Email: jkurtz@hawleytroxell.com
dbolinger@hawleytroxell.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>FPS FOOD PROCESS SOLUTIONS CORPORATION,<br><br>Defendant. | Case No. 1:17-cv-00519-DCN<br><br>DICKINSON FROZEN FOODS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT FOUR OF FPS FOOD PROCESS SOLUTIONS CORPORATION'S COUNTERCLAIM |

Plaintiff/Counterdefendant Dickinson Frozen Foods, Inc. ("Dickinson") respectfully submits this Memorandum in Support of its Motion to Dismiss Count Four of Defendant/Counterclaimant FPS Food Process Solutions Corporation's ("FPS's") Counterclaim (Docket No. 13 at pp. 17-18). For the reasons set forth herein, Count Four of FPS's Counterclaim for defamation per se fails to state a claim upon which relief may be granted, and therefore should be dismissed.

## I.
## INTRODUCTION

In its Answer, Affirmative Defenses and First Amended Counterclaim, FPS asserts a counterclaim against Dickinson for alleged defamation per se. (*See* Doc. 13 at pp. 17-18, Count 4, ¶¶ 81-88 (hereafter, "FPS's Defamation Claim").) As more fully explained below, the Court should dismiss FPS's Defamation Claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.
## THE PLEADINGS

### A. <u>The Parties' Contract for Purchase of a Tunnel Freezer Sold by FPS.</u>

This case involves a contract between Dickinson and FPS, whereby Dickinson purchased a commercial individually quick frozen ("IQF") tunnel freezer machine (hereafter, the "Freezer") from FPS. (*See* Doc. 1 at ¶¶ 9-10, Exh. A; Doc. 13 at Counterclaim at ¶¶ 13-14, Exh. A.). Dickinson contends that FPS is liable for the Freezer's failure to perform to contract specifications. (*See generally* Doc. 1.) In response, among other things, FPS filed its Defamation Claim against Dickinson. (*See* Doc. 13 at pp. 17-18.)

### B. <u>FPS's Defamation Allegations Against Dickinson</u>

FPS's cursory and vague allegations regarding purportedly defamatory statements by Dickinson are as follows:

> 43. Upon information and belief, throughout the parties' relationship, DFF has made comments to the market that FPS provides sub-par products and/or sub-par customer service.
>
> 44. For example, in or around 2017, a representative from a large Idaho potato processing company communicated to FPS that he knew the DFF Freezer was not working, implying that the Freezer was somehow defective or improperly designed.
>
> 45. This statement was false as the Freezer was working, not defective, and designed appropriately. DFF simply failed to install

a sufficiently robust refrigeration infrastructure and/or implement proper operational measures.

46. Other customers and/or potential customers have made similar comments and inquiries.

****

**COUNT FOUR – DEFAMATION PER SE**

81. FPS incorporates the foregoing paragraphs as if fully set forth herein.

82. During the parties' relationship, DFF made statements about FPS's products and/or customer service to the market.

83. Such statements include comments to potential and/or current customers that the Freezer is not working because it is defective or has been improperly designed by FPS. These statements related to FPS's business, its ability to do business, and its methods of doing business.

84. These statements impugned the reputation of FPS, as well as its goods and services, and has had the effect of exposing FPS to ridicule within the market; and concern matters incompatible with FPS's trade, business, profession, or office, and are therefore per se defamatory.

85. These statements were and are false.

86. DFF knew or should have known that the statements were false because the root cause of the Freezer's performance (refrigeration infrastructure and DFF's operations) has been repeatedly explained to DFF.

87. As a direct and proximate result of DFF's defamatory statements, FPS has suffered general and actual injury to its reputation in the market.

88. FPS has suffered damages in an amount to be more fully proven at trial and in excess of $75,000, the jurisdictional limit of this Court.

(Doc. 13 at Counterclaim, ¶¶ 43-46; 81-88.) These are the sole allegations that can plausibly be read to relate to FPS's Defamation Claim.

## III.
## ARGUMENT

### A. <u>Legal Standard Governing Motions to Dismiss</u>

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a claim. A claim should be dismissed when "it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 338 (9th Cir. 1996). The court accepts all material allegations as true and reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001); *Cahill,* 80 F.3d at 337-38. Dismissal of a claim is appropriate where there is no cognizable legal theory that could afford the claimant relief or an absence of sufficient facts alleged to support a cognizable legal theory. *Taylor v. Yee*, 780 F.3d 928, 935 (9th Cir. 2015).

To survive a Rule 12(b)(6) motion to dismiss, a claim "does not need detailed factual allegations," but it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (hereafter, "*Twombly*"). The Supreme Court has also held that *Twombly* requires the pleading party to both: 1) assert more than mere legal conclusions; and 2) state a plausible claim for relief after the reviewing court applies its judicial experience and common sense. *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009) (hereafter, "*Iqbal*").

Pursuant to these standards, FPS's Defamation Claim should be dismissed.

### B. <u>FPS's Defamation Claim Fails to Plead Sufficient Facts to State a Cognizable Claim for Defamation.</u>

This Court should dismiss FPS's Defamation Claim because it fails sufficiently to plead facts to state a cognizable claim for defamation under Idaho law. To state a claim for defamation, a plaintiff must plead and prove that the defendant: (1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication. *See Clark v. The Spokesman-Review*, 144 Idaho 427, 430, 163 P.3d 216, 219 (2007) (citing *Gough v. Tribune-Journal Co.*, 73 Idaho 173, 177, 249 P.2d 192, 194 (1952)).

"A defamatory statement is one that 'tend[s] to harm a person's reputation, [usually] by subjecting the person to public contempt, disgrace, or ridicule, or by adversely affecting the person's business.'" *Elliott v. Murdock*, 161 Idaho 281, 287, 385 P.3d 459, 465 (2016) (quoting *Defamatory*, Black's Law Dictionary 506 (10th ed. 2014)). However, statements of mere opinion enjoy the constitutional protection of the First Amendment. *Id*. (citing *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339-40, 94 S. Ct. 2997, 3007 (1974)). Furthermore, a plaintiff must establish that the allegedly defamatory statement referred with particularity to him. *Bryntesen v. Camp Auto., Inc.*, No. 2:13-CV-00491-BLW, 2015 WL 3616970, at *10 (D. Idaho June 9, 2015) (quoting *Farber v. Cornils*, 94 Idaho 326, 487 P.2d 689, 691 (Idaho 1971)).

This Court has recognized that conclusory and vague defamation claims fail to meet the pleading requirements of federal law under *Twombly* and *Iqbal*. *See Willnerd v. Sybase, Inc.*, No. 1:09-CV-00500-BLW, 2010 WL 4362855, at *2-*3 (D. Idaho Oct. 26, 2010). There, the plaintiff identified the communicator of the allegedly defamatory information only as "Defendant." *Id*. at *2. The plaintiff also vaguely alleged that the statements were of a

"defamatory nature impugning Plaintiff's ability to engage in his profession." *Id*. The plaintiff, in a conclusory manner, alleged that the defendant knew the statements were false and that the plaintiff suffered damaged. *Id*. The plaintiff also failed to identify the recipients of the purported defamatory statements beyond a vague reference to "third parties" and to reputational harm "in the general business community." *Id*.

This Court held:

> On their face, these allegations exemplify the labels, conclusions, and formulaic recitation of the elements of a cause of action that are expressly forbidden in *Twombly* and *Iqbal*. [The plaintiff's] allegations fail to provide adequate and meaningful notice to [the defendant] of what the claims are, or the grounds on which the claims rest. They are, in short, legal conclusions. Accordingly, dismissal under Rule 12(b)(6) is appropriate.

*Willnerd*, 2010 WL 4362855, at *3; *see also Maune v. Bankers Life & Cas. Ins. Co.*, No. CV 10-074-E-BLW, 2010 WL 2104145, at *11 (D. Idaho May 24, 2010) (holding that the party asserting defamation "cannot simply say 'defendants defamed me' or 'defendants conspired with the other defendants to harm me' without any supporting facts and hope to go forward with her claims[.]")

Here, just as in *Willnerd*, FPS's Defamation Claim fails to meet the factual pleading requirements of *Twombly* and *Iqbal*, as FPS does little more than vaguely allege that Dickinson somehow defamed it. FPS fails to even allege that Dickinson *made* a defamatory statement, instead vaguely alleging that Dickinson *might* have told someone that FPS's Freezer was not working properly:

> 44. For example, in or around 2017, a representative from a large Idaho potato processing company communicated to FPS that he knew the DFF Freezer was not working, implying that the Freezer was somehow defective or improperly designed.

(*See* Doc. 13 at Counterclaim, ¶¶ 44.) Nothing in this allegation can fairly be read to support that anyone from Dickinson told this mysterious unnamed person from some unidentified potato company that FPS's Freezer was not working properly, and therefore, this allegation fails to actually plead a defamatory statement.

As in *Willnerd*, the remainder of FPS's Defamation Claim contains no other facts to identify sufficient details of a defamatory statement made by Dickinson and instead relies entirely on vague and conclusory allegations. (Doc. 13 at Counterclaim, ¶¶ 43-46; 81-88.) For example, FPS fails to allege facts with the requisite specificity required by *Twombly* and *Iqbal* to answer any of the following questions: Who at Dickinson made a defamatory statement? What exactly did this unidentified Dickinson representative say? When and how did this person at Dickinson communicate the purportedly defamatory statement? To whom exactly did the unidentified person at Dickinson make this statement? How was the statement defamatory as a statement of fact and not merely a statement of opinion? None of these basic details are adequately addressed in FPS's Defamation Claim.

Moreover, FPS utterly fails to plead facts as to how it has suffered damages, beyond vague and conclusory allegations that it is has somehow been harmed. (*See id*. at ¶¶ 81-88.) The fact that FPS amended its Counterclaim to add conclusory allegations attempting to plead a defamation "*per se*" claim does not remedy the failure to plead damages. Under Idaho law, a reviewing court assessing whether a statement is defamatory per se must first determine whether the alleged statements are plain and unambiguous. *See Weeks v. M-P Publications, Inc.*, 95 Idaho 634, 636, 516 P.2d 193, 195 (1973). As FPS has failed even to plead an alleged *statement* made by Dickinson, it follows that its pleading fails to meet the requirement of alleging a plain

and unambiguous statement. Thus, under *Twombly* and *Iqbal*, FPS must plead facts demonstrating how it has somehow suffered damages or sufficient facts to demonstrate a plain and unambiguous statement that complies with Idaho's law of a defamation *per se* claim.

In sum, FPS's Defamation Claim fails to meet the pleading standards of *Twombly* and *Iqbal* and should therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failing adequately to state a claim upon which relief can be granted. *Willnerd*, 2010 WL 4362855, at *3.

## IV.
## CONCLUSION

For the foregoing reasons, Dickinson Frozen Foods, Inc. respectfully requests that the Court dismiss FPS's Defamation Claim.

Respectfully Submitted this 21st day of March, 2018.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By <u>*/s/ Dane Bolinger*</u>
John F. Kurtz, Jr., ISB No. 2396
Dane Bolinger, ISB No. 9104
Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of March, 2018, I electronically filed the foregoing DICKINSON FROZEN FOODS, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT FOUR OF FPS FOOD PROCESS SOLUTIONS CORPORATION'S COUNTERCLAIM with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Elijah M. Watkins
Elijah.watkins@stoel.com

Anna E. Courtney
anna.courtney@stoel.com

*/s/ Dane Bolinger*
John F. Kurtz, Jr.
Dane Bolinger