# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> FPS FOOD PROCESS SOLUTIONS CORPORATION, <br><br> Defendant/Counterclaimant. | Case No. 1:17-cv-00519-DCN <br><br> **MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff/Counterdefendant Dickinson Frozen Foods, Inc.'s ("Dickinson") Motion to Dismiss Count Four of Defendant/Counterclaimant FPS Food Process Solutions Corporation's ("FPS") Counterclaim. Dkt. 17. The Motion is fully briefed and ripe for the Court's review. Having reviewed the record herein, the Court finds the parties have adequately presented the facts and legal arguments in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court decides the Motions without oral argument. For the reasons set forth below, the Court finds good cause to GRANT the Motion and dismiss Count Four of FPS's Counterclaim. However, the Court will grant FPS leave to amend its Counterclaim to cure deficiencies outlined in this decision.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

This suit arises out of Dickinson's purchase of an Individual Quick Freeze tunnel freezer machine (the "Freezer") from FPS in 2016 for its processing plant in Sugar City, Idaho. After installation, complications arose with the Freezer. Dickinson alleges that FPS is liable for lost profits and damages because the Freezer failed to perform to contract specifications.

Along with its answer, FPS filed a counterclaim against Dickinson alleging that it was in fact Dickinson, not FPS, who failed to perform its obligations under the contract. FPS also asserted a claim for defamation per se against Dickinson. Dickinson then filed the instant Motion to Dismiss FPS's defamation claim under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

## III. LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the legal sufficiency of the claims stated in the complaint. *Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011). "A complaint generally must satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8(a)(2) to avoid dismissal under a Rule 12(b)(6) motion." *Id.* (citing *Porter v. Jones,* 319 F.3d 483, 494 (9th Cir. 2003)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)).

To sufficiently state a claim for relief and survive a 12(b)(6) motion, the pleading "does not need detailed factual allegations;" however, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* Rather, there must be "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. In other words, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

In light of *Twombly* and *Iqbal,* the Ninth Circuit summarized the governing standard as follows: "In sum, for a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

In deciding whether to grant a motion to dismiss, the court must accept as true all well-pleaded factual allegations in the pleading under attack. *Iqbal,* 556 U.S. at 663. A court is not, however, "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001).

When ruling on a motion to dismiss, the court must normally convert a Rule 12(b)(6) motion into one for summary judgment under Rule 56 if the court considers evidence outside of the pleadings. *United States v. Ritchie,* 342 F.3d 903, 907 (9th Cir.

2003). However, a court may consider certain materials, such as documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice, without converting the motion to dismiss into a motion for summary judgment. *Id.* at 908.

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009).

## IV. ANALYSIS

In a defamation action under Idaho law, a plaintiff must prove that the defendant: "(1) communicated information concerning the plaintiff to others; (2) that the information was defamatory; and (3) that the plaintiff was damaged because of the communication." *Clark v. The Spokesman-Review*, 163 P.3d 216, 219 (Idaho 2007).

As outlined in its Answer and Amended Counterclaim, FPS bases its claim for defamation per se upon the following allegations:

> 43. Upon information and belief, throughout the parties' relationship, DFF[1] has made comments to the market that FPS provides sub-par products and/or sub-par customer service.
>
> 44. For example, in or around 2017, a representative from a large Idaho potato processing company communicated to FPS that he knew the DFF Freezer was not working, implying that the Freezer was somehow defective or improperly designed.

---

[1] Dickinson Frozen Foods, Inc.

> 45. This statement was false as the Freezer was working, not defective, and designed appropriately. DFF simply failed to install a sufficiently robust refrigeration infrastructure and/or implement proper operational measures.
>
> 46. Other customers and/or potential customers have made similar comments and inquiries.

Dkt. 13, at 13-14.

Dickenson alleges that these facts are vague and insufficient to support a claim for defamation. In support of this proposition, Dickenson cites the analysis in *Willnerd v. Sybase, Inc.,* in which this Court ruled that the simplistic recitation of the elements did not constitute a cause of action. No. 1:09-CV-00500-BLW, 2010 WL 4362855, at *2 (D. Idaho Oct. 26, 2010). The Court found that the plaintiff's bare assertions that "[d]efendant" made "statements . . . of a defamatory nature," which defendant "knew [] were false," and caused plaintiff to "suffer damages" were insufficient to withstand a motion to dismiss. *Id.* Importantly, however, the Court granted plaintiff leave to amend. *Id.* at *3.

FPS also cites a case from within the District of Idaho, *U.S. ex rel. Putman v. Eastern Idaho Regional Medical Center*, to support its position that the factual allegations in its Counterclaim are adequate. In *Putman,* the Court determined that allegations concerning "generally who Putman talked to" and what was said ("that [the counterclaimant] was 'bilking' the Government [and] 'ripping off' families") were sufficiently detailed to pass the notice pleading standards. No. CV-07-192-E-BLW, 2008 WL 4498812, at *1 (D. Idaho Oct. 3, 2008). FPS claims that its facts are just as specific

as those the Court allowed in *Putman* and that the allegations meet the appropriate notice pleading standard.

Both sides exaggerate their position. Contrary to Dickenson's position, FPS has alleged more than just the legal elements of a claim for defamation as was done in *Willnerd* in that FPS described the content of the defamatory statements and how those statements allegedly damaged its reputation. However, contrary to FPS's assertions, the allegations it set forth are not as detailed as those in *Putman* because FPS did not describe who the actors were in this case, but only communications between unknown parties.

This case presents the classic question of how much detail is sufficient to put the opposing party on notice of the claim. Dickenson is clearly on notice of the claim and the general substance of what gave rise to the claim. However, the lack of pertinent details is difficult to overcome. Specially, the Court is concerned that the lack of any identified sender(s) and/or recipient(s) will not give Dickinson adequate notice of where to begin discovery.

Dickinson asserts that FPS has not even alleged "when, where, or how these allegedly defamatory statements were made" and that it will have to "interview its employees dating back years, across all of its locations across the state of Idaho, and investigate all of the following communication methods: in-person conversations, telephone calls, text messages, e-mails, instant messaging, media posts, etc., etc., etc." Dkt. 20, at 3. Again, this is an overstatement. *See also*, Dkt. 20, at 4 ("Investigating FPS's ambiguous allegations would take months if not years to complete."). While FPS's

allegations that someone at Dickinson made statements to "other customers and/or potential customers" is vague, FPS has provided one specific example of such comments that happened in 2017, and the general substance of the comments. Furthermore, the parties are well aware of the events at issue, where they took place, and the applicable timeline. To imply that the search for details regarding this counterclaim is going to be a needle in a haystack is simply not true. While the situation is not as bad as Dickenson asserts, FPS must plead enough facts—with sufficient detail—so that Dickenson has a fair opportunity to respond. In light of the above, the Court finds that FPS's claim is lacking and must be dismissed. However, the Court will allow FPS a chance to amend Count Four to allege more detailed facts.

Regarding amendment, Dickinson argues the Court should not allow FPS to amend its Counterclaim, as it would be futile. Dickinson puts forth two arguments in support of this proposition.

First, Dickinson claims there is no factual basis for a defamation claim and that FPS will not be able to produce anything, even on amendment, to support this claim. The Court disagrees. In this case, the Court is not faced with the situation in which a party has not alleged *any* facts and complete dismissal is necessary. Rather, this is a case where a party has alleged certain facts, just not with sufficient detail, and leave to amend is appropriate to cure the deficiencies.

Second, Dickinson claims that the Court should not allow amendment because this claim is not even viable in the first instance as the purported statements are not

defamation, but rather opinion. At the pleading stage, the Court does not look at, or weigh, the evidence presented, but simply determines whether the pleading is sufficient. Because the Court does not know the substance of the comments, who said them, to whom, and any resulting conduct, the Court cannot determine whether the statements were defamatory or mere opinion. Dickinson's argument here is premature, but is a clear example of why amendment is necessary.

Lastly, Dickinson argues that defamation per se requires allegations of special damages. In support, Dickinson cites *Weeks v. M-P Publications, Inc.*, 516 P.2d 193, 195 (Idaho 1973). This case lays out how to maintain a libel action with or without a plea of special damages, but does not stand for the proposition that a party must always plead special damages in order to have a valid libel claim. Relevant case law makes clear there is no such requirement. *See Fallon Min. Co. v. Caddell*, 77 F. App'x 416, 419 (9th Cir. 2003) (finding that "in cases of defamation per se, which includes disparagement of one's trade or business, the plaintiff need not set forth proof of special damages but instead may recover general damages"); *Sadid v. Vailas*, 943 F. Supp. 2d 1125, 1134 (D. Idaho 2013) (noting that "Idaho follows the common law rule allowing plaintiffs to receive an award of general damages without proof of special damages in defamation per se cases"); *Barlow v. Int'l Harvester Co.*, 522 P.2d 1102, 1111 (Idaho 1974) (ruling that "[w]here a (defamation) contains an imputation upon a corporation in respect to its business, its ability to do business, and its methods of doing business, the same becomes (defamatory)

per se, and * * * special damages need not be alleged" (citation omitted) (alterations in original)).

## V. ORDER

The Court HEREBY ORDERS:

1. Plaintiff/Counterdefendant Dickinson's Motion to Dismiss Count Four (Dkt. 17) is **GRANTED**.

2. Defendant/Counterclaimant FPS is **GRANTED LEAVE** to file a second amended counterclaim to cure deficiencies identified in this decision. FPS's second amended counterclaim shall be due within 30 days of this decision.

DATED: June 22, 2018

David C. Nye
U.S. District Court Judge