Elijah M. Watkins, ISB No. 8977
Email: *elijah.watkins@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd., Ste. 1900
Boise, ID 83702
Telephone:  (208) 389-9000
Fax:  (208) 389-9040

Attorneys for Defendant

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC., <br><br> Plaintiff/Counterdefendant, <br><br> v. <br><br> FPS FOOD PROCESS SOLUTIONS CORPORATION, <br><br> Defendant/Counterclaimant. | Case No. 1:17-CV-00519-DCN <br><br> **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS** |

Defendant FPS Food Process Solutions Corporation ("FPS" or "Defendant") submits this memorandum in support of its Motion for Award of Attorney Fees and Costs pursuant to Federal Rule of Civil Procedure 37. FPS's motion is also supported by the Declaration of Elijah M. Watkins ("Watkins Decl.") with Exhibits A through D, and the Declaration of Aaron Chandler ("Chandler Decl.").

## I.    INTRODUCTION

FPS has incurred significant fees and costs due to Plaintiff/Counterdefendant Dickinson Frozen Foods, Inc.'s ("Dickinson") improper discovery conduct.  In particular, Dickinson sought to take more than the 10 substantive depositions allotted to each party under the Federal Rules of

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 1

Civil Procedure, without obtaining leave of Court or obtaining a stipulation from FPS, and without the required 14 days' notice. These excessive and improper depositions required significant attorney time—along with out-of-state, multi-day travel—on very short notice.

Dickinson's conduct necessitated FPS's filing of its Third Motion for Protective Order, *see* Dkts. 22, 52, 73, while simultaneously opposing Dickinson's related Motion for Leave to Take Additional Depositions, *see* Dkts. 74, 75. In other words, because of Dickinson's discovery tactics, FPS was forced to brief the identical issue—Dickinson's attempt to take excessive depositions on too-short notice—twice and at the same time. Double briefing naturally resulted in more fees.

FPS was the prevailing party. The Court granted in part FPS's Third Motion for Protective Order, thus precluding the use of the three August 12, 2019 depositions against FPS, denied Dickinson's Motion for Leave to Take Additional Depositions, and invited FPS to file a short brief documenting its reasonable expenses. *See* Dkt. 93 at 12-19. As fees had already been awarded to FPS, and the only issue left to decide is the amount of those fees, FPS had hoped to not burden the Court with more briefing and instead attempted to negotiate its reasonable expenses in good faith with Dickinson and reach a stipulated fee amount. Unfortunately, the parties could not agree. FPS now files its motion for reasonable fees and costs as requested by the Court. *See id.* at 19.

## II.    BACKGROUND

As part of discovery, Dickinson took the substantive depositions of six fact witnesses—James Peterson, Alex Chen, Danny Hu, Justin Lai, Jeffrey Chang, and Jason Kwok—between November 12, 2018 and January 10, 2019.

On May 21, 2019, this Court granted FPS's Motion for Sanctions, finding that "Dickinson willfully destroyed relevant evidence it had a duty to preserve, and . . . FPS has been prejudiced thereby . . ." after Dickinson was found to have cut in half the FPS Freezer (the main device at

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 2

issue in this lawsuit), left it outside for more than a year, significantly modified the refrigeration infrastructure, and refused FPS access to the evidence even though Dickinson's own expert witness was granted unfettered access by Dickinson to the evidence days before Dickinson permanently destroyed it.  Dkt. 69 at 40.

After the Motion for Sanctions was granted, Dickinson indicated that it would file a Motion for Reconsideration and further indicated that it would like to depose Eduardo Ford (FPS's expert), and witnesses from Colmac Coil, Kemper, Nestle, and GEA.  *See* Dkt. 93 at 8.  Dickinson took Ford's deposition on June 26, 2019 in San Diego, California.  On July 29, 2019, Dickinson noticed the 30(b)(6) deposition of Colmac Coil to occur on August 12, 2019, in Spokane, Washington. *See* Dkt. 73-2, ¶ 18.  Dickinson also provided amended notices for depositions of two Nestle employees, fact witnesses Bent Wiencke and Kris Hinds.  These two depositions occurred on August 7 and 8 in Salt Lake City, Utah.  On August 6, 2019, Dickinson vacated the previously scheduled Rule 30(b)(6) deposition of Colmac Coil, and noticed three fact witness depositions instead—Bruce Nelson, Trevor Pope, and Joe Fazzari—for August 12, 2019, in Spokane, Washington.  *See* Dkt. 73-2, ¶ 25.

At that point, Dickinson was seeking to take and use more than 10 depositions—namely, the depositions of James Peterson, Alex Chen, Danny Hu, Justin Lai, Jeffrey Chang, Jason Kwok, Eduardo Ford, Bent Wiencke, Kris Hinds,[1] Bruce Nelson, Trevor Pope, Joe Fazzari, Kemper, GEA—all without having ever requested the required leave of Court or stipulating with FPS.  FPS asked that the parties meet and confer so as to hopefully resolve the issue prior to incurring the potentially needless expense of flying to Spokane, Washington for the Nelson, Pope, and Fazzari

---

[1] The Court has held that the depositions of Wiencke and Hinds, both of Nestle, count as a single Rule 30(b)(6) deposition.  Dkt. 93 at 18 n.17.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 3

depositions, given that these depositions exceeded the 10 depositions allowed under Rule 30 and violated the 14-day notice requirement in Rule 32.  The parties spoke by telephone on August 9, 2019, but were unable to resolve their differences.  Accordingly, FPS filed its Third Motion for Protective Order on August 9, 2019, Dkt. 73, and Dickinson subsequently filed its Motion for Leave to Take Additional Depositions, Dkt. 74 (collectively, "Discovery Motions").  *See* Dkt. 93 at 10.  The depositions of Nelson, Pope, and Fazzari occurred on August 12, 2019, before the Court had the opportunity to address the Discovery Motions.

On September 6, 2019, Dickinson filed its Motion for Reconsideration with an extensive evidentiary submission.  Dkt. 81; *see also* Dkt. 93 at 11 n.12.

On June 1, 2020, the Court issued its orders on FPS's Third Motion for a Protective Order (Dkt. 73), Dickinson's Motion for Leave to Take Additional Depositions (Dkt. 74), and Dickinson's Motion for Reconsideration (Dkt. 81).  *First*, the Court granted in part and denied in part FPS's Third Motion for Protective Order, granting the motion to the extent FPS sought preclusion of the use of the August 12, 2019 depositions of Nelson, Fazzari, and Pope against it in this action. Dkt. 93 at 15.  The Court denied the motion to the extent FPS sought preclusion of the Nestle, Kemper, or GEA depositions. *Id.*  *Second*, the Court denied as moot Dickinson's Motion for Leave to Take Additional Depositions, finding that without counting the three depositions the Court must exclude pursuant to Rule 32(a)(5)(A) (Nelson, Fazzari, and Pope), leave to take additional depositions was unnecessary because Dickinson had only taken 10 depositions: the six pre-Sanctions Order depositions (Peterson, Chen, Hu, Lai, Chang, Kwok), Ford, and the Rule 30(b)(6) depositions of Nestle (Wiencke and Hinds), Kemper, and GEA.

After making these two rulings, the Court then addressed FPS's Request for Fees under Federal Rule of Civil Procedure 37(a)(5)(A) and 37(a)(5)(C), stating that "[i]f FPS still seeks to

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 4

recover its expenses, it shall file a short brief documenting the reasonable expenses incurred in making its Third Motion for a Protective Order within fourteen (14) days of the date of this Order, with the traditional briefing schedule to follow."   Dkt. 93 at 18-19.   The Court also denied Dickinson's Motion for Reconsideration. *Id.* at 19-48.

Following this Order, FPS and Dickinson met and conferred in good faith to attempt to agree on an amount of fees and costs in order to eliminate the need for briefing.   Watkins Decl. Exs. A, B.   The parties stipulated to a two-week extension, from June 15 to June 29, to facilitate these discussions, which the Court Clerk approved.   *Id.* Ex. A at 4-5.   On June 29, the parties informed the Court Clerk the parties were still in negotiations and asked for the end of the week to resolve the issue. *Id.* at 2-3.   The Court Clerk approved that extension as well. *Id.* at 2.   On July 6, the parties informed the Court Clerk that the parties were continuing to negotiate in good faith, and the Court Clerk approved vacating the deadline and allowing the parties to reach out to the Court if or when they needed the Court's guidance. *Id.* at 1.   Negotiations between the parties have not reached a resolution, and the parties are at an impasse. *Id.* Ex. B.   Accordingly, FPS now files this motion to seek its fees and costs pursuant to the Court's instruction.   Dkt. 93 at 18-19.

### III.   ARGUMENT

The Federal Rules of Civil Procedure govern discovery in this Court.   Under Rule 30(a)(2), a party must obtain leave of court or a stipulation from the parties to take a deposition if "the deposition would result in more than 10 depositions being taken under this rule or Rule 31 by the plaintiffs."   Under Rule 32(a)(5), "[a] deposition must not be used against a party who, having received less than 14 days' notice of the deposition, promptly moved for a protective order under Rule 26(c)(1)(B)."   As this Court has noted, this rule "does not provide room for discretion."   Dkt. 93 at 13-14 (citing *King v. O'Reilly Auto. Stores, Inc.*, No. C13-1220JLR, 2013 WL 4511476, at

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 5

*2 (W.D. Wash. Aug. 22, 2013)).  Under Rule 26(c)(1), a party may seek a discovery protective order from the Court.

Rule 37(a)(5) applies to the Court's awarding of fees related to a Rule 26(c) protective order.  *See* Fed. R. Civ. P. 26(c)(3).  As the Court has noted, under Rule 37(a)(5)(A), if the Court grants a motion for protective order, "the court must . . . require . . . the party or attorney . . . or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Dkt. 93 at 18-19.  In addition, under Rule 37(a)(5)(C), even to the extent partial relief is granted, the Court may still apportion the reasonable expenses for the motion.  Dkt. 93 at 18-19.  "The purpose of Rule 37(a) is 'to protect courts and opposing parties from delaying or harassing tactics during discovery.'"  *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.,* No. 4:16-CV-00427-DCN, 2020 WL 1465738, at *4 (D. Idaho Mar. 25, 2020) (quoting *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 199 (1999)).

The Court should require Dickinson to pay FPS's reasonable expenses that FPS incurred due to Dickinson's failure to comply with the Rules.  FPS documents these reasonable expenses below, and in further detail in Exhibits C and D of the Watkins Declaration.

> **A.     The Court should award reasonable expenses for FPS's Third Motion for Protective Order, Dickinson's Motion for Leave to Take Additional Depositions, the three improper depositions, related negotiations, and the filing of this fee petition.**

In its Third Motion for Protective Order, FPS requested that the Court order Dickinson to reimburse FPS for the expense of Dickinson's egregious failures to comply with the discovery rules.  *See* Dkt. 73-1 at 8-9.  FPS explained that Dickinson ran afoul of the Rules by taking more than 10 substantive depositions without first obtaining leave of Court or stipulation from FPS.  *Id.* at 9.  Given the late filed notice and out-of-state travel, FPS had no option but to participate in the

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 6

improper depositions that occurred on August 12, 2019.  *Id.*  Additionally, as the Court explained, a deposition cannot be used against a party who received less than 14 days' notice.  *See* Dkt. 93 at 12-13; Fed. R. Civ. P. 32(a)(5)(A).  FPS raised this argument in its Third Motion for Protective Order, and Dickinson responded with its Motion to Take Additional Depositions, "but did not address FPS's arguments regarding Rule 32(a)(5)(A), and did not offer to reschedule the Nelson, Fazarri, or Pope Depositions."  *See* Dkt. 93 at 14.

Thus, FPS was forced to travel to and defend these depositions that occurred on August 12, 2019.  Accordingly, pursuant to Rule 37(a)(5)(A), FPS asked that the Court award FPS its fees and costs not only for its motion for a protective order, but also those costs and fees associated with the expensive, out-of-state, multi-day travel costs Dickinson forced FPS to incur.  *See* Dkt. 73-1 at 8-9.  The Court, after granting in part FPS's motion and denying fully Dickinson's motion, and noting that Rule 37(a)(5)(A) and (C) award reasonable expenses, asked FPS to "file a short brief documenting the reasonable expenses incurred in making its Third Motion for a Protective Order." Dkt. 93 at 19.

Accordingly, FPS submits the instant motion under Rule 37(a)(5)(C),[2] asking for fees related to Dickinson's improper discovery conduct awardable under this Rule.  FPS respectfully contends that its reasonable expenses cover more than just the Third Motion for Protective Order. Because of Dickinson's improper discovery conduct, FPS not only had to file its Third Motion for Protective Order, but also oppose Dickinson's related Motion for Leave to Take Additional

---

[2] Rule 37(a)(5)(C) is the applicable provision because FPS's Third Motion for Protective Order was granted in part and denied in part.  The analysis of FPS's request under subsection (a)(5)(C) is the same as it would be under 37(a)(5)(A), other than the Court's award of fees being discretionary rather than mandatory.  *See W. Mortg. & Realty Co. v. Keybank Nat'l Ass'n*, No. 1:13-cv-00216-ELJ, 2016 WL 11643651, at *1 (D. Idaho Jan. 4, 2016).  The Court has already mandated that FPS is entitled to its costs and fees.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 7

Depositions, prepare for, travel to, and participate in the improper depositions, negotiate with opposing counsel on all of these issue, and file this fee petition.  The Court has the discretion to award all of these related expenses, as more fully described below, under Rule 37(a)(5).

       *1.     Expenses for Dickinson's Motion for Leave to Take Additional Depositions.*

The fee award should cover FPS's expenses related to Dickinson's Motion for Leave to Take Additional Depositions.  In *Nelson-Ricks*, this Court considered one party's (NRCC's) motion to quash certain subpoenas simultaneously with the opposing party's (Lakeview's) related motion to compel, and ultimately denied the motion to quash and granted the motion to compel. 2020 WL 1465738, at *4.  The Court found that because there was no basis for NRCC's motion to quash, an award of attorney fees to Lakeview was appropriate under Rule 37.  Importantly, the Court also explained that "Lakeview had to bring a motion to compel to get NRCC to comply" with its discovery obligations, and Lakeview was "entitled to its reasonable attorney fees in both defending against NRCC's Motion to Quash **and** in bring[ing] its Motion to Compel." *Id.* (emphasis added).  Here too FPS is entitled to its reasonable expenses both in bringing its own motion to compel and in opposing Dickinson's affirmative Motion for Leave to Take Additional Depositions.  These motions were two sides of the same coin, and an award of reasonable expenses is appropriate for both motions.[3]

       *2.     Expenses for travel and participation in the improper depositions.*

FPS's expenses in preparing for, traveling to, and participating in the improper and unusable depositions should also be covered.  In another case very similar to this one, a

---

[3] The Court's Order asked FPS to submit its brief documenting reasonable expenses *after* ruling in FPS's favor (in part) on both its Third Motion for Protective Order *and* Dickinson's Motion for Leave to Take Additional Depositions, suggesting that the fee award was intended to cover both of these motions.  *See* Dkt. 93 at 15-19.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 8

Massachusetts federal court decided to award attorney fees and costs where a party had taken two depositions beyond the 10 allowed. *Advanced Sterilization Prods., etc. v. Jacob*, 190 F.R.D. 284, 287 (D. Mass. 2000). The court explained that the fees and costs would include those "incurred by [counsel] in participating in the eleventh and twelfth depositions," as well as those incurred in obtaining the protective order. *Id.* Likewise, in a case in which this Court found that plaintiffs were at least partially responsible for unwarranted discovery costs and delays, it awarded costs under Rule 37(a)(5)(A) not just for the costs related to the motion for protective order, but also costs for "arranging the deposition, booking travel, and preparing for the deposition again." *Britton v. Dallas Airmotive Inc*., No. CV 07-547-S-EJL-LMB, 2008 WL 11348499, at *3 (D. Idaho Oct. 30, 2008). Here too, as in *Advanced Sterilization* and *Britton*, all of the expenses incurred participating in the improper depositions should be awarded to FPS. FPS's initial request contemplated recovering expenses related to all of this extra work, *see* Dkt. 73-1 at 2, 8-9, and they are warranted under Rule 37(a)(5).

Importantly, the Court granted FPS' Third Motion for Protective Order under Rule 32(a)(5)(A). Dkt. 93 at 13-15. This non-discretionary Rule mandates that "[a] deposition ***must not be used against a party***" where less than 14 days' notice has been provided and a proper motion filed. FRCP 32(a)(5)(A) (emphasis added). That Rule would make little sense, practically and equitably, if an opposing party were able to notice depositions on short notice across the country (or across the world) and require the other side to incur tremendous expense in attending the late-noticed depositions, and the only risk to the rule-breaking party is that the deposition transcripts could not be used in future proceedings. Even though the transcripts might be stricken, the innocent party would still have the deposition "used against it" in a very real financial sense. For this additional reason, travel to and participation in the depositions is also compensable.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 9

3.      *Expenses incurred in negotiating the discovery issue.*

Likewise, FPS's expenses from negotiating with opposing counsel in an attempt to resolve the disputes related to FPS's Third Motion for Protective Order should also be covered.  This Court has explained that "[t]he expense of a lawyer's time spent informally trying to resolve the matter prior to filing of a motion to compel is recoverable under Rule 37(a)(5), and such informal attempts to resolve such disputes are strongly encouraged by the rules and the Court."  *W. Mortg. & Realty Co. v. KeyBank Nat'l Ass'n*, No. 113CV00216EJLREB, 2016 WL 11643651, at *2 (D. Idaho Jan. 4, 2016).  Thus, in that case, the Court "disagree[d] with Defendants' characterization that ***only*** the fees incurred in the actual drafting of a motion to compel are recoverable, and that any fees that predate the filing of the motion are not recoverable."  *Id.* (emphasis added); *see also Hunzeker v. Butler*, No. 4:12-CV-00421-BLW, 2013 WL 3976280, at *3 (D. Idaho Aug. 5, 2013) (awarding costs and fees under Rule 37(a)(5)(A) "including counsel's time spent informally trying to mediate the issue").  Here too, the fees and costs incurred in negotiating with Dickinson should be covered under Rule 37 as reasonable expenses.

4.      *Expenses incurred in negotiating and preparing this fee motion.*

Similarly, expenses incurred meeting and conferring with opposing counsel on what these reasonable expenses are, and expenses incurred in filing this motion, should be awarded to FPS. As this Court has explained, where a party includes a fee request in the initial discovery motion and the Court specifically states in its order that the party should file a separate petition, as here, the fees incurred in drafting that fee petition are recoverable.  *W. Mortg.*, 2016 WL 11643651, at *2; *see also, e.g.*, *Sanchez Y Martin, S.A. de C.V. v. Dos Amigos, Inc.*, No. 17CV1943-LAB-LL, 2019 WL 3769191, at *10 (S.D. Cal. Aug. 9, 2019) (awarding fees for drafting the fee petition); *id.* at *10 n.11 (collecting cases finding fees incurred in litigating Rule 37 fee awards

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 10

compensable).  As the Ninth Circuit has explained in another context, "federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of the fee is compensable."  *In re Nucorp Energy, Inc.*, 764 F.2d 655, 659-60 (9th Cir. 1985).  Thus, reasonable expenses for drafting and filing this fee petition should also be awarded.

In short, the Court has the discretion to award all of these expenses on a Rule 37(a)(5) fee award because they were all incurred as a result of Dickinson's misconduct.  As another court has explained, "[t]he 'reasonable expenses' awardable under Rule 37 do include . . . 'actual costs incurred as a result of misconduct.'"  *Timberland v. Mascarenas*, No. 116-CV-00922, 2020 WL 1288405, at *3 (E.D. Cal. Mar. 18, 2020) (citation omitted).   But for Dickinson's misconduct, FPS would not have had to travel to and defend the improper depositions, file its Third Motion for Protective Order, oppose Dickinson's Motion for Leave to Take Additional Depositions, negotiate these discovery issues with opposing counsel, and file this fee petition.  A result that allows Dickinson to escape having to reimburse FPS for these actual costs would simply embolden others to run up their opponent's costs and fees by noticing improper "throw away" depositions just so the other side would be forced to travel.  Rather than litigation being used to "secure the just, speedy, and inexpensive determination of every action and proceeding," it would transform into a perverse war of attrition.  FRCP 1.  The Rules are designed to not let that happen, and neither should this Court.  FPS respectfully requests that the Court take all these categories of expenses into account when determining the amount of the award that the Court has already found FPS entitled to.

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 11

**B.      The attorney fees that FPS seeks, which use a lodestar calculation, are reasonable under this Court's precedent.**

"After determining that a basis exists for a proper award of attorney fees, the Court must calculate a reasonable fee award." *Thornton v. Kenneth J.*, No. 2:18-CV-00182-DCN, 2019 WL 3877368, at *1 (D. Idaho Aug. 16, 2019) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Ninth Circuit affords district courts broad discretion in determining the reasonableness of attorney fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Generally, courts use a "lodestar figure" that multiplies a reasonable hourly rate by the number of hours reasonably expended. *Thornton*, 2019 WL 3877368, at *1. In most cases, the lodestar figure is presumptively a reasonable fee award, but a "'court may, if circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it.'" *Id.* (citation omitted).

Paralegal fees are recoverable using the same lodestar analysis. *See, e.g.*, *Nelson-Ricks Cheese Co. v. Lakeview Cheese Co.*, No. 4:16-CV-00427-DCN, 2018 WL 2248588, at *3 (D. Idaho May 15, 2018). As this Court has explained, "awarding paralegals their standard hourly rates makes a great deal of 'economic sense' and could result in cost-savings" because encouraging the use of lower cost paralegals rather than attorneys, when possible, "'encourages cost-effective delivery of legal services.'" *Balla v. Idaho State Bd. of Corr.*, No. CV-81-1165-S-BLW, 2016 WL 6762651, at *6 (D. Idaho Feb. 1, 2016) (quoting *Missouri v. Jenkins*, 491 U.S. 274, 288 (1989)).

*1.      The hourly rates are reasonable.*

Reasonable fees depend on the prevailing market rates in the relevant community. *Bell v. Clackamas Cty.*, 341 F.3d 858, 868 (9th Cir. 2003). The fee applicant has the burden "'to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 12

comparable skill, experience and reputation.'" *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)).  The Ninth Circuit has held that "'[a]ffidavits of the plaintiffs' attorney[s] and other attorneys regarding prevailing fees in the community, and rate determinations in other cases . . . are satisfactory evidence of the prevailing market rate.'" *Id.* (alterations in original) (quoting *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)).  Courts may also rely on their "own familiarity with the legal market," including judges' "own knowledge of customary rates and their experience concerning reasonable and proper fees." *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011).

Here, the requested hourly attorney and paralegal rates are as follows.

| INITIALS | NAME | TITLE | EXPERIENCE | RATE |
|---|---|---|---|---|
| EMW | Elijah M. Watkins | Partner | 11 years | $370 |
| AEC | Anna E. Courtney | Associate | 6 years | $340 |
| MAO | Megan A. Olmstead | Associate | 1 year | $245 |
| RMS | Rollo M. Scott | Associate | <1 year | $245 |
| JSP | Jennifer S. Palmer | Associate | 5 years | $340 |
| JDF | Jacqueline Franolich | Paralegal | 23 years | $220 |

Watkins Decl. ¶ 15. These rates are reasonable and in line with the prevailing market rates in Boise for attorneys and paralegals with similar experience in this market. *See* Chandler Decl. ¶¶ 6-10.

Moreover, authority from this Court confirms that these rates are reasonable.  A few months ago, this Court found that rates of $350, $300, $315, and $275 were reasonable for certain attorneys in the Boise, Idaho area, who practice at law firms smaller than Stoel Rives. *See United States ex rel. Madsen v. St. Luke's Health Sys., Ltd.*, No. 1:15-CV-00210-DCN, 2020 WL 873911, at *2 (D. Idaho Feb. 21, 2020).  In 2018, this Court found that an hourly rate of $435 for an of counsel attorney at Holland and Hart LLP—a law firm that is comparable to Stoel Rives—was reasonable, as were hourly rates of $225 for an associate and $190 for a paralegal. *Nelson-Ricks*,

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 13

2018 WL 2248588, at *2.  The Court explained that although $435 was "at the higher end of the Boise legal market" in 2018, it was still reasonable based on the of counsel attorney's experience and expertise.  *Id.*

In 2016—even with rates being artificially capped by a statute that does not apply here—this Court found that Stoel Rives' rates in a prisoner civil rights case reasonable, with partners rates at $375, associates at $265, and paralegals at $190.50.  In *Balla*, the Court noted that in 2016 the Holland & Hart Boise office charged its commercial clients between $195 and $495 for attorneys and between $180 and $205 for paralegals.  2016 WL 6762651.  Against this backdrop, the Court found in the prisoner civil rights case—where Stoel Rives had been court-appointed and where lower hourly rates were set by statute—$375 for a partner and $265 for an associate was appropriate.  *Id.* at *12.  The Court also found that it was appropriate to award Ms. Franolich's then-standard hourly rate of $165 and another paralegal a capped rate of $190.50, because these rates were reasonable and consistent with the then-prevailing market rates.  *Id.* at *6; *accord Sparks v. Allstate Med. Equip., Inc.*, No. 114CV00166ELJCWD, 2016 WL 11398120, at *8 (D. Idaho Aug. 11, 2016) (of counsel rate of $335 and associate rate of $290 was reasonable for Boise in 2016), *report and recommendation adopted*, 2016 WL 5661758 (D. Idaho Sept. 29, 2016).

Now in the year 2020, reasonable rates have only increased from those that this Court found reasonable in 2018 in *Nelson-Ricks* and in 2016 in *Balla* and *Sparks*.  Mr. Watkins is a partner at Stoel Rives with 11 years of litigation experience, and his rate of $370 is more than reasonable given the caselaw above, the Chandler Declaration, and the Court's knowledge of the Boise, Idaho legal market.  Likewise, the rates of Ms. Courtney, Ms. Olmstead, Mr. Scott, and Ms. Palmer, ranging from $245 to $340, are reasonable for associates in this market and given each of these

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 14

associates' experience levels. *See* Watkins Decl. ¶¶ 6-10. The paralegal rate of $220 for Ms. Franolich is also reasonable given her more than 20 years of experience. *See id.* ¶ 10.[4]

       2.       *The number of hours expended were reasonable.*

The hours expended addressing Dickinson's improper discovery conduct was also reasonable. "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). For example, a court should not "second guess the amount of time an attorney believes is reasonable to prepare for a deposition unless the time spent is clearly excessive." *Sparks*, 2016 WL 11398120, at *7.

As discussed above, because of Dickinson's improper conduct, FPS had to file its Third Motion for Protective Order, oppose Dickinson's related Motion for Leave to Take Additional Depositions, prepare for, travel to, and participate in the improper depositions, negotiate with opposing counsel on all of these issues, and file the instant fee petition. *See supra* Part III.A. These hours are documented in detail in Exhibit C of the Watkins Declaration. Counsel for FPS spent a reasonable number of hours on this work, and all of the attorneys and the paralegal who worked on these issues worked at different, non-overlapping times and/or on different, non-overlapping tasks, as the case load and other demands required. Watkins Decl. ¶¶ 5, 14, 16. FPS should be awarded fees for these reasonable hours.

---

[4] The rates listed here and used in Exhibit C are all 2019 rates. *See* Watkins Decl. ¶ 15. In an effort to be conservative, to account for any perceived overcharges, and for mathematical ease of use, FPS has applied these 2019 rates to all of the time at issue in this fee petition, even the time billed in 2020. *Id.*

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 15

In sum, applying the lodestar method and multiplying the reasonable rates times the reasonable hours expended, the total fees come to $36,181.50, as shown in Exhibit C of the Watkins Declaration.

    **C.**    **The costs that FPS seeks to recover are also reasonable.**

The "reasonable expenses" allowed under Rule 37 include both attorney fees and costs. *Aevoe Corp. v. AE Tech Co.*, No. 2:12-CV-00053-GMN, 2013 WL 5324787, at *8 (D. Nev. Sept. 20, 2013). Costs can include legal research charges, transcripts, and travel costs. *See id.* (awarding legal research charges and transcript costs under Rule 37(a)(5)(C)); *Hunzeker*, 2013 WL 3976280, at *3 (awarding transcript costs and recorder travel fees under Rule 37(a)(5)(A)).

Here, FPS seeks recovery of $2,152.18 for travel costs for Mr. Watkins' trip to Spokane, Washington, for the three improper depositions on August 12, 2019, for deposition transcripts, and for legal research charges. These costs are documented in Exhibit D of the Watkins Declaration, and should be awarded as part of the Rule 37 reasonable expenses.

## IV.    CONCLUSION

For the reasons set forth above, this Court should award FPS attorney fees in the amount of $36,181.50 and costs in the amount of $2,152.18.

    DATED:  July 29, 2020.

                    STOEL RIVES LLP

                    */s/ Elijah M. Watkins*
                    Elijah M. Watkins

                    Attorneys for Defendant FPS Food Process
                    Solutions Corporation

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES AND COSTS - 16

**CERTIFICATE OF SERVICE**

I hereby certify that on July 29, 2020, I served a copy of the foregoing **DEFENDANT'S**

**MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF ATTORNEY FEES**

**AND COSTS** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing

as follows:

John F. Kurtz, Jr., ISB No. 2396           Via:  CM/ECF Notification
Dane Bolinger, ISB No. 9104
HAWLEY TROXELL ENNIS & HAWLEY
LLP
877 Main Street, Suite 1000
P.O. Box 83701-1617
Boise, ID 83701-1617
Telephone:  208-344-6000
Facsimile:  208-954-5936
Email:  jkurtz@hawleytroxell.com
        dbolinger@hawleytroxell.com


*/s/ Elijah M. Watkins*
Elijah M. Watkins

DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION FOR AWARD OF
ATTORNEY FEES AND COSTS - 17

106879764.3 0067345-00001