Elijah M. Watkins, ISB No. 8977
Email: *elijah.watkins@stoel.com*
Jennifer S. Palmer, ISB No. 11136
Email: *jenny.palmer@stoel.com*
STOEL RIVES LLP
101 S. Capitol Blvd., Ste. 1900
Boise, ID 83702
Telephone:  (208) 389-9000
Fax:  (208) 389-9040

Attorneys for Defendant/Counterclaimant

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC.,<br><br>    Plaintiff/Counterdefendant,<br><br>v.<br><br>FPS FOOD PROCESS SOLUTIONS CORPORATION,<br><br>    Defendant/Counterclaimant. | Case No. 1:17-CV-00519-MMB<br><br>**FPS FOOD PROCESS SOLUTIONS CORPORATION'S MOTION FOR CLERK'S ENTRY OF DEFAULT** |

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Defendant/Counterclaimant FPS Food Process Solutions Corporation ("FPS") hereby moves for entry of default against Plaintiff/Counterdefendant Dickinson Frozen Foods, Inc. ("Dickinson") for failing to answer Counts One, Two, and Three of FPS's First Amended Counterclaim (ECF No. 13).  This motion is

FPS FOOD PROCESS SOLUTIONS CORPORATION'S MOTION FOR
CLERK'S ENTRY OF DEFAULT - 1

supported by the Declaration of Elijah M. Watkins ("Watkins Decl.") filed herewith.

Federal Rule of Civil Procedure 55(a) provides: "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Thus, when a party fails to answer a complaint, "the proper avenue for seeking relief . . . is through motion for default judgment, under Federal Rule of Civil Procedure 55." *See, e.g.*, *Manuel v. Malone*, No. 7:10-CV-4-FL, 2013 WL 5574976, at *6 (E.D.N.C. Oct. 10, 2013).  Clerks enter default as a matter of course where a party fails to file an answer, including where the party filed a motion to dismiss and then forgot to file a timely answer.  *See, e.g.*, *Tesillo v. Emergency Physician Assocs., Inc.*, 230 F.R.D. 287, 288 (W.D.N.Y. 2005) (clerk noted entry of default where defendant failed to answer following denial of motion to dismiss); s*ee also U.S. ex rel. Moye v. Strode*, 276 F.R.D. 414, 415 (D. Conn. 2010) (court entered default where defendant did not timely answer or otherwise respond to complaint).

In late 2017 and early 2018, Dickinson initiated this litigation by filing its Complaint, and FPS duly filed an Answer and Counterclaim and soon thereafter an Answer and First Amended Counterclaim.  ECF Nos. 1, 7, 13; Watkins Decl. ¶¶ 2-4.  FPS's First Amended Counterclaim asserted four causes of action against

Dickinson:  Count One – Breach of Contract, Count Two – Breach of CISG Article 86, Failure to Preserve Goods, Count Three – Breach of the Implied Covenant of Good Faith and Fair Dealing, Count Four – Defamation Per Se.  *See* ECF No. 13.  On March 21, 2018, Dickinson filed a motion to dismiss Count Four of FPS's First Amended Counterclaim.  (ECF No. 17.)  Dickinson never moved to dismiss Counts One, Two, or Three.  Watkins Decl. ¶ 5; *see also id.* Ex. A (docket report).

On June 22, 2018, the Court issued its Memorandum Decision and Order granting Dickinson's motion to dismiss Count Four and granting FPS leave to file a second amended counterclaim within thirty days to cure deficiencies.  ECF No. 25.  FPS elected not to file a second amended counterclaim to attempt to cure Count Four.  Watkins Decl. ¶ 6.  FPS understand that Counts One, Two, and Three in its First Amended Counterclaim remained operative, since Dickinson had never moved to dismiss them, and the Court's decision did not address them.  *See id.*

Pursuant to the Federal Rules of Civil Procedure, Defendant was required to file an answer to FPS's counterclaims no later than 14 days after the Court's decision on the motion to dismiss, making the deadline July 6, 2018.  *See* Fed. R. Civ. P. 12(a)(4)(A).[1]  Dickinson did not file an answer by that date, and still has

---

[1] FPS recognizes that even though Dickinson moved to dismiss only one of the causes of action, it was entitled to toll the time to file its answer on the entire complaint. *See, e.g.*, *Gamble v. Boyd Gaming Corp.*, No. 2:13-CV-01009-JCM, 2014 WL 1331034, at *3 (D. Nev. Apr. 1, 2014) (collecting cases and agreeing "the majority of courts interpreting Rule 12(a)(4) which have held that 'filing a partial motion to dismiss will suspend the

FPS FOOD PROCESS SOLUTIONS CORPORATION'S MOTION FOR CLERK'S ENTRY OF DEFAULT - 3

111947195.1 0067345-00001

not filed an answer any time in the three years since that deadline.  *See* Watkins Decl. ¶ 7; *see generally id.* Ex. A (docket report).

Because Dickinson never filed its answer, Dickinson is already in default, and the Clerk must enter default against it under Fed. R. Civ. P. 55(a).  *See United States v. Covey*, No. CV 05-487-S-MHW, 2007 WL 9753205, at *1 (D. Idaho Mar. 30, 2007) ("When the prerequisites of Rule 55(a) are satisfied, then an entry of default should be made by the clerk without any action taken by the court."). Indeed, as the Eleventh Circuit has explained, a party who fails to answer is automatically in default "even if that fact is not officially noted." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1337 (11th Cir. 2014); *see also* 10A Wright & Miller § 2692 (4th ed.) ("[A] defendant who fails to answer within the time specified by the rules is in default even if that fact is not officially noted. Therefore, that defendant must request that the default be 'excused' and secure leave to answer before a responsive pleading will be recognized.").

For these reasons, FPS respectfully requests that the Clerk enter default against Dickinson with respect to Counts One, Two, and Three of FPS's Amended Counterclaim (ECF No. 13).

---

time to answer those claims or counterclaims that are not subject to the motion.'").  Once the motion to dismiss was resolved, however, Dickinson's time to file its answer was no longer tolled and the deadline was July 6, 2018.

DATED:  August 12, 2021.

                STOEL RIVES LLP


                */s/ Elijah M. Watkins*
                Elijah M. Watkins
                Jennifer S. Palmer

                Attorneys for
                  Defendant/Counterclaimant FPS Food
                  Process Solutions Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2021, I served a copy of the foregoing **FPS FOOD PROCESS SOLUTIONS CORPORATION'S MOTION FOR CLERK'S ENTRY OF DEFAULT** on CM/ECF Registered Participants as reflected on the Notice of Electronic Filing as follows:

| | |
|---|---|
| John F. Kurtz, Jr., ISB No. 2396<br>Kurtz Law PLLC<br>910 W. Main Street, Suite 364<br>Boise, ID 83702<br>Telephone: 208-287-8127<br>Facsimile: 208-287-8130<br>Email: jfk@kurtzlawllc.com | Via: CM/ECF Notification |
| Dane Bolinger, ISB No. 9104<br>HAWLEY TROXELL ENNIS & HAWLEY LLP<br>877 Main Street, Suite 1000<br>P.O. Box 83701-1617<br>Boise, ID 83701-1617<br>Telephone: 208-344-6000<br>Facsimile: 208-954-5936<br>Email: dbolinger@hawleytroxell.com | Via: CM/ECF Notification |

*/s/ Elijah M. Watkins*
Elijah M. Watkins