UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC., <br>     Plaintiff, <br> v. <br> FPS FOOD PROCESS SOLUTIONS CORPORATION, <br>     Defendant. <br> FPS FOOD PROCESS SOLUTIONS CORPORATION, <br>     Counterclaimant, <br> v. <br> DICKINSON FROZEN FOODS, INC., <br>     Counter-Defendant. | Case No. 1:17-cv-00519-MMB <br><br> **ORDER VACATING CLERK'S DEFAULT** |

The Clerk of Court earlier today entered default against Counter-Defendant Dickinson Frozen Foods, Inc. (ECF 132), due to Dickinson's failure to respond to Counts One, Two, and Three of FPS's first amended counterclaim (ECF 13).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Entry of default is a ministerial act not subject to discretion. 10 *Moore's Federal Practice—Civil* § 55.10.

However, Rule 55 further provides that "[t]he court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). Unlike Rule 60(b), which provides that the court may relieve a party from a default *judgment* "on motion," Fed. R. Civ. P. 60(b), Rule 55(c) requires only "good cause" and permits

ORDER VACATING CLERK'S DEFAULT—1

the court to act *sua sponte*. *See, e.g.*, *New Milani Grp. Inc. v. Aslani*, No. CV 17-02791 SJO, 2017 WL 8220225, at *2 (C.D. Cal. June 9, 2017) ("The court can set aside entries of default *sua sponte*."). The court also has wide discretion whether to enter a *default judgment*, and it is well-established that default judgments are ordinarily disfavored and that cases should be decided upon their merits whenever reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

In this case, Dickinson filed an answer (ECF 131) to the three counts in the counterclaim earlier today, within 24 hours of FPS's motion for entry of default. The court's docket amply demonstrates that the parties have thoroughly (to say the least) litigated the issues in this case for more than three years. Even though Dickinson is technically in default, FPS's own motion for entry of default makes clear that on June 22, 2018, the court granted Dickinson's motion to dismiss Count Four of the counterclaim and granted FPS leave to file an amended counterclaim within 30 days, although FPS then opted not to amend. ECF 130, at 3. Dickinson's answer was due by July 6, 2018, but FPS waited until August 12, 2021, to ask the Clerk of Court to enter default—that is, it took over three years for FPS to seek such relief.

A party may waive the right to seek a default judgment by waiting too long to do so. *Harvey v. United States*, 685 F.3d 939, 946 (10th Cir. 2012) (finding that party "forfeited his right to seek a default judgment by waiting two and a half years before filing his motion" and noting that he had "allowed over two years of active litigation to pass"); *see also* 10 *Moore's Federal Practice—Civil* § 55.30[2] ("While Rule 55 does not create any time limit in moving for

ORDER SETTING NEW CASE MANAGEMENT DEADLINES—2

default judgment, a party may forfeit the right to do so through excessive delay."). Given the more than three-year delay in this case, the court finds that FPS has waived any right to seek default judgment. Moreover, the court would deny any motion for default judgment against Dickinson, especially in view of the severe prejudice Dickinson would suffer in the form of legal fees expended litigating matters over the past three years if it were now subject to default proceedings. The court further notes that Dickinson promptly took action to cure the default by filing an answer within 24 hours after FPS moved for entry of default.

Accordingly, because the court finds good cause to do so, it is hereby **ORDERED** that the Clerk's Default entered against Counter-Defendant Dickinson (ECF 132) is **VACATED**.

DATED: August 13, 2021

/s/ *M. Miller Baker*
M. Miller Baker, Judge[1]

---

[1] Judge of the United States Court of International Trade, sitting by designation.