John F. Kurtz, Jr., ISB No. 2396
Kurtz Law PLLC
910 W. Main Street, Suite 364
Boise, ID 83702
Telephone:  208.287.8127
Facsimile:  208.287.8130
Email:      jfk@kurtzlawllc.com

Dane Bolinger, ISB No. 9104
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone:  208.344.6000
Facsimile:  208.954.5232
Email:      dbolinger@hawleytroxell.com

Attorneys for Plaintiff/Counter-Defendant

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC.,<br><br>              Plaintiff,<br><br>vs.<br><br>FPS FOOD PROCESS SOLUTIONS CORPORATION,<br><br>              Defendant. | Case No. 1:17-cv-00519-MMB<br><br>DICKINSON FROZEN FOOD, INC.'S MEMORANDUM IN SUPPORT OF DICKINSON'S MOTION FOR LEAVE TO FILE AN OVER-LENGTH STATEMENT OF MATERIAL FACTS IN SUPPORT OF DICKINSON'S MOTION FOR |

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 1

SUMMARY JUDGMENT ON
COUNTS ONE AND THREE OF
FPS'S FIRST AMENDED
COUNTERCLAIM (DKT 13.)

_____

FPS FOOD PROCESS SOLUTIONS
CORPORATION,

        Counter-Claimant,

vs.

DICKINSON FROZEN FOODS,
INC.,

        Counter-Defendant.

_____

Comes Now, Plaintiff and Counter-Defendant Dickinson Frozen Foods, Inc. ("Dickinson"), pursuant to Local Civil Rule 7(b) and the Amended Order Respecting Document Formatting (Dkt. 127), hereby submits this Memorandum in Support of its Motion for Leave to File an Over-length Statement of Material Fact In Support of Dickinson's Motion for Summary Judgment on Counts One and Three of FPS's First Amended Counterclaim. (Dkt. 13.)  Specifically, Dickinson respectfully requests that this Court extend the default word limit of 3,000 words to a limit of 8,000 words.

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 2

Under Local Civil Rule 7.1(b), the default page limit for a Statement of Material Facts submitted in support of a Motion for Summary Judgment is 10 pages. Pursuant to this Court's Amended Order Respecting Document Formatting (Dkt. 127), any 10 page limit imposed by the local rules is converted to a substantive word limit of 3,000 words. *See* Dist. of Idaho Local Rule Civ. 7.1; Dkt. 127.

The United States District Court for the District of Idaho have found "good cause" and "unusual circumstances" sufficient to grant leave to file over-length materials when the underlying circumstances suggested it would assist the court in ruling on the motion, such as when:

    (i)    the memorandum is potentially dispositive on a number of issues;

    (ii)    the memorandum addresses complex legal or fact-intensive issues;

    (iii)    there is a voluminous factual record underlying the dispute or motion.

*See, e.g., Floyd v. Ada County*, 1:17-CV-00150-DCN, 2020 WL 1991400 (D. Idaho Apr. 27, 2020) (finding "good cause" for extending default page limit where defendant's summary-judgment involved a large number of

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S 1ST AM. COUNTERCLAIM (DKT. 13) - 3

disputed medical, factual, and legal issues); *Miller v. Conway*, CV05-469-S-LMB, 2007 WL 2782246 (D. Idaho Sept. 21, 2007) (granting defendant's leave to file an over-length reply brief in support of summary judgment "due to the multiple claims filed" in the lawsuit); *see also Diamond Sawblades Mfrs. Coalition v. U.S.*, 31 C.I.T. 1249 (Ct. Intl. Trade 2007) (good cause existed to file over-length materials). Here, all of those circumstances exist in this case to justify an extension of the applicable word limit from 3,000 words to 8,000 words.

First, Dickinson's upcoming motion involves some complicated issues of refrigeration engineering and application of those issues to the FPS's breach of contract and breach of the implied covenant of good faith and fair dealing, both governed by the United Nations Conference on Contracts for the International Sale of Goods ("CISG"). Dickinson contends that these claims fail as a matter of law under the undisputed (albeit complicated) factual record of the case.  Given the fact-intensive nature of these claims, additional briefing length is required for Dickinson to comply with its obligations under Federal Rule of Civil Procedure 56 and best

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 4

assist this Court by putting the genuine and material undisputed facts of the case into the record.

Second, the factual record elicited in discovery in this case is voluminous. This lawsuit began in 2017 and the record contains over 1,254 pages of court filings (spanning over 130 docket entries). Litigating this suit has amassed twenty-one deposition transcripts, amounting to 4,280 pages of testimony.

Third, Dickinson's counsel has made reasonable efforts to not unduly burden this Court. For instance, at this time, Dickinson is *not* requesting an extension of the 6,000 word limit for its *Memorandum* of Law in Support of its Motion for Summary Judgment on Counts One and Three of FPS's Counterclaim, but rather *only* for the separate Statement of Material Facts that must be filed along with that Motion.

Moreover, Dickinson's upcoming motion for summary judgment focuses on only two of FPS's three remaining counterclaims. And despite limiting its motion, supporting memorandum, and related filings to only

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 5

those facts necessary to support this limited legal grounds, the necessary and record citations exceed the default limit.

This Court has Dickinson's assurances that its counsel has made its best efforts in good faith to balance brevity in the briefing with its obligation to fully brief the issues and include the evidence and citations required under the law.  This includes numerous editorial passes aimed at streamlining the materials.

Moreover, this Court has previously noted its concerns regarding filing voluminous materials. Dickinson's intent in providing the previously-filed materials to the Court was simply to comply with the Federal Rules of Evidence and the widely-applied principle in the federal courts that any evidence submitted to the court in conjunction with motion practice must still be admissible under those rules (including the obligation to authenticate documents (Rule 901), to establish the personal knowledge of a lay witness (Rule 602), to lay the foundation for an expert's opinion as admissible (Rules 702 to 705), and to avoid any objections regarding the

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 6

45670.0013.14115241.2

content of a document under the so-called "best evidence" rule (Rule 1002)).

Here, Dickinson will use good-faith and best efforts to submit only the critical supporting evidence to establish the legitimate and undisputed materials facts relevant to Counts One and Three of FPS's Counterclaim. For instance, although the U.S. Court of Appeals for the Ninth Circuit appears not to have directly addressed this issue, *some* federal courts have recognized that as long as an expert's opinion *discloses and explains* the facts, records, and data for reaching his or her opinions, a party need not include actual copies of the underlying and supporting data, facts, and documents to establish admissibility. *See e.g., Iacobelli Const., Inc. v. County of Monroe*, 32 F.3d 19, 25 (2d Cir. 1994) ("An affidavit stating the facts upon which the expert's opinion is based satisfies rule 56(e) *even if the data supporting the facts is not attached*.") (emphasis added) (citing *M & M Med. Supplies and Serv., Inc. v. Pleasant Valley Hosp., Inc.*, 981 F.2d 160, 166 (4th Cir. 1992)).

Therefore, in order to address the Court's concerns regarding filing voluminous documents, Dickinson does not intend to include copies of *all*

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 7

45670.0013.14115241.2

*documents* upon which its expert Charles Taylor has based his opinions into the record *unless* those materials are independently relevant aside from Mr. Taylor's opinions or hinge upon some other important issue in Dickinson's Motion. [1]

Dickinson's counsel earnestly believes that the default word limit does not allow the issues to be properly briefed. As such, in order to comply with the governing rules and to provide the Court with the best tools to decide the issues before it, Dickinson requests that this Court grant it an increase from the default word-limit.

If the Court grants Dickinson's Motion, Dickinson would not oppose a corollary extension for FPS to file an over-length response to Dickinson's

---

[1] Should the Court wish to review those documents and data, the Court is empowered to order Dickinson to produce or to submit them, and Dickinson will certainly comply with the Court's instructions to do so. *See M & M Med. Supplies*, 981 F.2d at 166 ("If need be, the court, acting pursuant to Fed.R.Civ.P. 56(e) and Fed.R.Evid. 705, can require the expert to furnish the supporting data.") Moreover, Dickinson respectfully reserves the right to supplement this filing and include documents and data in this record should FPS raise any objections or challenge to Dickinson's motion that would possibly necessitate the Court to review those materials in assessing such an objection or challenge.

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 8

Statement of Materials Facts, while respectfully further reserving the right to seek leave to file an over-length reply.

WHEREFORE, Dickinson respectfully asks this Court to grant its Motion for Leave to File an Over-length Statement of Materials Facts In Support of Its Motion for Summary Judgment on Counts One and Three of FPS's First Amended Counterclaim from a 3,000 word limit to an 8,000 word limit.

DATED THIS 28th  day of September, 2021.

HAWLEY TROXELL ENNIS &
HAWLEY LLP


By   /s/ Dane Bolinger
John F. Kurtz, Jr., ISB No. 2396
Dane Bolinger, ISB No. 9104
Attorneys for Plaintiff/Counter-
Defendant

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE
AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS
MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S
1ST AM. COUNTERCLAIM (DKT. 13) - 9

COUNSEL'S CERTIFICATION OF WORD COUNT

I HEREBY CERTIFY that DICKINSON FROZEN FOOD, INC.'S MEMORANDUM IN SUPPORT OF DICKINSON'S MOTION FOR LEAVE TO FILE AN OVER-LENGTH STATEMENT OF MATERIAL FACTS IN SUPPORT OF DICKINSON'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE AND THREE OF FPS'S FIRST AMENDED COUNTERCLAIM (DKT 13.), inclusive of footnotes, but not including the case caption, signature block, any table of contents, or any certifications of counsel contains less than 3,000 words as reported by Microsoft Word, and is therefore in compliance with this Court's 3,000 word limit pursuant to the Court's July 7, 2021 Amended Order Respecting Document Formatting (Dkt. 127).

_/s/ Dane Bolinger_
John F. Kurtz, Jr.
Dane Bolinger

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S 1ST AM. COUNTERCLAIM (DKT. 13) - 10

45670.0013.14115241.2

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 28th day of September, 2021, I electronically filed the foregoing DICKINSON FROZEN FOOD, INC.'S MEMORANDUM IN SUPPORT OF DICKINSON'S MOTION FOR LEAVE TO FILE AN OVER-LENGTH STATEMENT OF MATERIAL FACTS IN SUPPORT OF DICKINSON'S MOTION FOR SUMMARY JUDGMENT ON COUNTS ONE AND THREE OF FPS'S FIRST AMENDED COUNTERCLAIM (DKT 13.) of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following persons:

Elijah M. Watkins
Elijah.watkins@stoel.com

Jennifer S. Palmer
jenny.palmer@stoel.com

_ /s/ Dane Bolinger_
John F. Kurtz, Jr.
Dane Bolinger

DICKINSON'S MEM. I/S/O ITS MOT. FOR LEAVE TO FILE AN OVER-LENGTH STAT. OF MAT. FACTS I/S/O OF ITS MOT. FOR SUMM. J. ON COUNTS ONE & THREE OF FPS'S 1ST AM. COUNTERCLAIM (DKT. 13) - 11