UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DICKINSON FROZEN FOODS, INC., <br>      Plaintiff, <br>v. <br>FPS FOOD PROCESS SOLUTIONS CORPORATION, <br>      Defendant. <br>FPS FOOD PROCESS SOLUTIONS CORPORATION, <br>      Counterclaimant, <br>v. <br>DICKINSON FROZEN FOODS, INC., <br>      Counter-Defendant. | Case No. 1:17-cv-00519-MMB <br><br>**ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT FILINGS** |

The court has received the parties' motions for summary judgment, related briefing (including opposition and reply briefs), multitudinous exhibits, and assorted motions to strike.[1]

### I.     Reply briefs stricken due to new evidence

The court strikes both parties' reply briefs (Dickinson's, ECF 146; FPS's, ECF 147) because they both attach, cite, and discuss new evidence. The Ninth Circuit has recognized that a district court has discretion either to decline to consider new facts or arguments raised for the first time on reply because the

---

[1] The docket reflects two motions to strike filed by FPS (ECF 148 and 149). The court notes that the parties' other filings contain various requests to strike certain material. *See, e.g.*, ECF 146-1, at 13 ("Dickinson . . . moves to strike the Declaration of Steve Kelley . . . .").

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT
FILINGS—1

other party has no opportunity to respond or else to consider the material if the court allows the other party such an opportunity. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). In this case, the court finds it impractical and undesirable to permit surreply briefing, and considering the existing reply briefs while disregarding the new evidence would be difficult at best. Accordingly, the parties have 14 days from the date of this order to file corrected reply briefs omitting new evidence[2] and any arguments based on such evidence. The corrections shall be limited to excising the new evidence and arguments based on such evidence; the parties shall not make any new arguments not contained in the original replies.

## II. Dickinson's "appendices" stricken for failure to comply with Rule 56(c)(2)

Dickinson has filed two documents (ECF 143-5 and ECF 146-1) it characterizes as Rule 56(c)(2) "appendices" addressing evidence FPS introduced. ECF 143-5 is a 63-page document (with no word count certification attached) titled "Objections and Opposition to FPS's Statement of Undisputed Material Facts in Support of FPS's Motion for Summary Judgment"; it takes the form of an answer to FPS's factual statement and goes through paragraph by paragraph responding to each. Similarly, ECF 146-1 is a 36-page document titled

---

[2] "New" evidence means any evidence not previously submitted to the court with the moving party's opening brief and the opposing party's response brief.

(in relevant part) "Objections and Opposition to FPS's Statement of Disputed Material Facts."

Dickinson argues these filings are appropriate under standing procedures the Judges of this court have posted on the court's website whereby a responding party's objection to inadmissible evidence may be contained "within the briefing or in a separate appendix." Dickinson also contends that there is no page limit on such a filing and that its filings "compl[y] with federal law and local practice and procedures" because "Rule 56(c)(2) *mandates* that a party opposing summary judgment be allowed to object that a movant's factual allegations are inadmissible." ECF 150, at 14 (emphasis in original).

Dickinson stretches Rule 56(c)(2) beyond its permissible bounds. Rule 56(c)(2) provides as follows:

> *Objection That a Fact Is Not Supported by Admissible Evidence.* A party may object that the material cited to support or to dispute a fact cannot be presented in a form that would be admissible in evidence.

Fed. R. Civ. P. 56(c)(2). This provision was added to the rule in 2010. The Advisory Committee's note explains its purpose:

> Subdivision (c)(2) provides that a party may object that material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. The objection functions much as an objection at trial, adjusted for the pretrial setting. The burden is on the proponent to show that the material is admissible as presented or to explain the admissible form that is anticipated. There is no need to make a separate motion to strike. If the case goes to

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT FILINGS—3

trial, failure to challenge admissibility at the summary-judgment stage does not forfeit the right to challenge admissibility at trial.

Fed. R. Civ. P. 56 advisory cmte. notes (2010).

Thus, the point of Rule 56(c)(2) is to allow for a procedure to objecting to *admissibility* of *cited evidence*. It is not to allow a party to submit as much argument as it wishes relating to the other party's cited evidence. *Cf. TDY Indus, LLC v. BTA Oil Producers, LLC*, No. 2:18-CV-0296-SWS/MLC, 2019 WL 12661227, at *1 (D.N.M. June 5, 2019) (noting that party filing motion to strike was "attempt[ing] to evade the page limitations and get further briefing" and stating that Rule 56(c)(2) objections should have been raised in the opposition brief). While this court's Judges do refer to including Rule 56(c)(2) objections "within the briefing or in a separate appendix," that is not a license for a party to submit unlimited additional argument under the guise of an "appendix."

Dickinson's filings are improper because they are not limited to addressing the *admissibility* of FPS's evidence but instead discuss the evidence's meaning, import, etc., and delve into why Dickinson believes the evidence compels different conclusions. *See, e.g.*, ECF 143-5, at 13 (response to Fact 17) (taking issue with FPS's characterization of how a freezer works and arguing that FPS cited testimony out of context in a way that rendered it misleading); at 15–16 (response to Fact 18) ("Paragraph 18 is immaterial and disputed."); at 16–18 (response to Fact 19) (stating that Dickinson does not dispute what FPS

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT FILINGS—4

says but disagrees with its significance). The response to FPS's statement of disputed material facts includes arguments about whether certain sentences constitute conclusions of law, rather than allegations of fact, *see* ECF 146-1, at 3; refers to statements as being "false," *see id.* at 4; and raises factual disputes, *see id.* at 14 (disputing when FPS provided a document to Dickinson).[3]

For these reasons, ECF 143-5 and ECF 146-1 are stricken for failure to comply with Rule 56(c)(2). The court grants Dickinson 14 days to file corrected Rule 56(c)(2) objections limited to arguing why evidence in FPS's summary judgment motion and FPS's response to Dickinson's summary judgment motion is inadmissible. To be completely clear, arguments about the *meaning* of the evidence, or why Dickinson *disagrees* with how FPS characterizes the evidence, are not acceptable subject matter for inclusion in Rule 56(c)(2) objections and will result in the court summarily striking the "corrected" objections without leave to refile.

### III.  FPS's motion to strike denied in part and granted in part

FPS moves to strike (ECF 148) a lengthy portion of Dickinson's brief opposing FPS's summary judgment motion (ECF 143) that discusses the court's prior order sanctioning Dickinson for spoliation of evidence. The court denies

---

[3] The court also notes that Dickinson's submissions in question (ECF 143-5 and ECF 146-1) take the form of *answers* to FPS's factual statements. The court will not parse through 99 pages of material attempting to locate the salient objections to admissibility.

that motion. A motion to strike is an improper mechanism to respond to an argument on the merits—if a point has already been decided, as FPS contends, a party should argue exactly that, not move to strike the document containing the point.

FPS also moves to strike Dickinson's "Statement of Additional Facts Requiring Denial of FPS's Motion for Summary Judgment" (ECF 143-1). The court construes that document as a "statement of material facts which the responding party contends are in dispute," as required by Local Civil Rule 7.1(c)(2). Such submissions are limited to 10 pages, or 3,000 words under the applicable order in this case. The certification attached to the document says it contains 2,065 words. Accordingly, the court concludes that ECF 143-1 is compliant with the rules and denies FPS's motion to strike it.

FPS further moves to strike a sealed exhibit (ECF 144) Dickinson filed in support of its opposition to FPS's summary judgment motion (ECF 143). FPS objects that Dickinson failed to file a motion to seal under Local Civil Rule 5.3(a)(1). Dickinson responds that the protective order in this case, ECF 30/31, eliminates the need for a motion to seal. *See* ECF 150, at 21–22 (citing ECF 30, at 7–8).

Dickinson is incorrect because the protective order states that a party electronically filing information designated as confidential must comply "with United States District Court for the District of Idaho Local Civil Rule 5.3(b)

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT FILINGS—6

governing the electronic filing of sealed documents and . . . Electronic Case Filing Procedures Section 14 . . . ." ECF 30, at 7. The referenced ECF Procedures Section 14 sets forth a procedure for filing a motion to seal. Thus, a party to this case seeking to file a sealed document must comply with procedures that require the filing of a motion.

Although Dickinson's sealed filings are technically improper, Dickinson notes that some of the documents it filed under seal contain material *FPS's counsel* designated as confidential, such that FPS has suffered no prejudice even if Dickinson erred. The court agrees. More importantly, the court sees little point in striking the sealed exhibits merely to have Dickinson re-file another motion that will require the court's further attention. The court therefore denies FPS's motion to strike the sealed documents but reminds the parties that the protective order, as written, does require the filing of a motion to seal consistent with the local rules.

Finally, FPS's motion to strike is granted as to Dickinson's "Objections and Opposition to FPS's Statement of Undisputed Material Facts in Support of FPS's Motion for Summary Judgment" (ECF 143-5) and "Objections and Opposition to FPS's Statement of Disputed Material Facts" (ECF 146-2) for the reasons stated above in Part II.

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT FILINGS—7

### IV. Dickinson's ECF 151 stricken as a surreply

Dickinson has filed another document responding to FPS's reply brief (ECF 151). Notably, Dickinson's ECF description characterizes the document as a brief: "MEMORANDUM in Opposition re [ECF 137] MOTION for Summary Judgment *Objection and Opposition to Dkt 147 FPS Reply in support of Motion for Summary Judgment* filed by Dickinson Frozen Foods, Inc.." (all-caps and italics as on the CM/ECF docket).[4] Based on Dickinson's arguments relating to its other filings, the court surmises that Dickinson contends this document is another Rule 56(c)(2) "appendix" of admissibility objections that is not subject to any word limit.

As with Dickinson's two other Rule 56(c)(2) objections discussed above, ECF 151 is not limited to admissibility issues—Dickinson argues the substance of the evidence, disputes what it means, and argues that FPS takes testimony out of context. *See, e.g.*, ECF 151, at 3–4, 8 ("As such, Dickinson disputes that FPS's introduced evidence supports that the Freezer complied with the contractual obligations.").

The court therefore strikes ECF 151 without leave to refile for two reasons. First, insofar as Dickinson characterizes ECF 151 as a Rule 56(c)(2)

---

[4] The document's caption bears the title "Dickinson's Objections and Opposition to FPS's Reply in Support of Its Motion for Summary Judgment (Dkt. 147) and FPS's Second Declaration of Elijah M. Watkins in Support of FPS's Motion for Summary Judgment and Exhibits (Dkts. 147-1 to 147-5)." ECF 151, at 1–2.

appendix of admissibility objections to evidence attached to FPS's reply brief, the court has stricken FPS's reply brief and required its refiling without any new evidence, thus mooting any admissibility objections raised by Dickinson.

Second, ECF 151 constitutes an impermissible surreply brief filed without leave of court because, as discussed above, it contains arguments that go beyond the admissibility of FPS's evidence. Moreover, and peculiarly, ECF 151 also has *two exhibits of its own*, which means that if the court allowed the filing to stand, the court would need to allow FPS to file its own sur-surreply to respond to Dickinson's "new evidence." Litigation is not a ping-pong match.

## V.  No further motions to strike

Counsel for both parties have needlessly and vexatiously increased the cost and complexity of this litigation.[5] The court orders the parties not to file any further motions to strike or any other document not expressly authorized by the local rules or the Federal Rules of Civil Procedure without first seeking, and obtaining, leave of court.

\* \* \*

For the foregoing reasons, it is hereby **ORDERED** as follows:

---

[5] *Cf.* 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.").

ORDER RESPECTING MOTIONS TO STRIKE AND SUMMARY JUDGMENT
FILINGS—9

1. Both parties' reply briefs in support of their motions for summary judgment (ECF 146 and ECF 147) are **STRICKEN** due to the inclusion of new evidence, and the parties have 14 days from the date of this order to re-file corrected reply briefs omitting new evidence and any arguments based on such evidence.

2. Two of the documents Dickinson characterizes as Rule 56(c)(2) "appendices" (ECF 143-5 and ECF 146-1) are **STRICKEN** because they are not in conformity with Rule 56(c)(2). The court grants Dickinson 14 days to file corrected Rule 56(c)(2) objections limited to arguing why evidence in FPS's summary judgment motion and FPS's response to Dickinson's summary judgment motion is inadmissible.

3. FPS's motion to strike portions of Dickinson's summary judgment opposition brief (ECF 143) and the entirety of Dickinson's "Statement of Additional Facts Requiring Denial of FPS's Motion for Summary Judgment" (ECF 143-1) is **DENIED**. FPS's motion to strike Dickinson's "Objections and Opposition to FPS's Statement of Undisputed Material Facts in Support of FPS's Motion for Summary Judgment" (ECF 143-5) and "Objections and Opposition to FPS's Statement of Disputed Material Facts" (ECF 146-1) is **GRANTED** for the reasons stated in ¶ 2 above. FPS's motion to strike Dickinson's sealed exhibit (ECF 144) is **DENIED**.

4. The document titled "Dickinson's Objections and Opposition to FPS's Reply in Support of Its Motion for Summary Judgment (Dkt. 147) and FPS's Second Declaration of Elijah M. Watkins in Support of FPS's Motion for Summary Judgment and Exhibits (Dkts. 147-1 to 147-5)" (ECF 151) is **STRICKEN** without leave to refile.

5. The parties shall not file any further motions to strike or any other document not expressly authorized by the local rules or the Federal Rules of Civil Procedure without first seeking, and obtaining, leave of court.

DATED: November 29, 2021

/s/ *M. Miller Baker*
M. Miller Baker, Judge[6]

---

[6] Judge of the United States Court of International Trade, sitting by designation.