# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF IDAHO

DICKINSON FROZEN FOODS, INC.,

      Plaintiff/Counter-Defendant,

v.

FPS FOOD PROCESS SOLUTIONS
CORPORATION,

      Defendant/Counterclaimant.

Case No. 1:17-cv-00519-MMB

**ORDER DENYING COSTS
AND ATTORNEY'S FEES**

Defendant/Counterclaimant FPS Food Process Solutions Corporation seeks $24,120.66 in costs and $822,801.50 in attorney's fees. ECF 171, 183; *see also* ECF 186, at 4 n.4 (clarifying the attorney's fees claim). Plaintiff/Counter-Defendant Dickinson Frozen Foods, Inc., opposes. ECF 182, 185. FPS replies. ECF 186. The court denies both.

## Factual and Procedural Background

Dickinson, an Idaho-based company, brought this suit alleging that an industrial freezer it purchased from FPS, a Canadian entity, was defective. *See generally* ECF 1. Dickinson asserted four counts for relief under the U.N. Convention on Contracts for the International Sale of Goods (the Convention) and Idaho law. *Id*. FPS counterclaimed with its own four counts for relief under the Convention and Idaho law, *see* ECF 13, one of which the court dismissed early in the case for failure to state a claim, ECF 25.[1]

---

[1] The court granted FPS leave to replead, *see id.* at 9, but the company chose not to do so.

After discovery and extensive motion practice lasting more than four years, the court granted summary judgment to FPS on all of Dickinson's counts. *See* ECF 157, at 3–13. The court also granted summary judgment to the latter on two of the three surviving counts of the former's counterclaim. *See id*. at 14–26. Afterward, the parties stipulated to dismissal with prejudice of the remaining live count. ECF 164. The court then entered judgment, ECF 166, and extended the time to seek attorney's fees until the conclusion of any appellate proceedings, ECF 167. Dickinson promptly appealed. ECF 168.

FPS filed a bill of costs, ECF 171, which the court summarily denied, ECF 172. The company moved for reconsideration. ECF 174. After receiving more briefing, the court vacated its denial of costs and stayed further proceedings until after the court of appeals issued its mandate. ECF 178.

The Ninth Circuit affirmed by memorandum disposition. *See Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 6866273 (9th Cir. Oct. 18, 2023).[2] FPS then sought its attorney's fees under

---

[2] On appeal, *see* Brief of Appellant Dickinson Frozen Foods, Inc., *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, 2023 WL 2436688 (9th Cir. Mar. 1, 2023) (Dickinson CA9 Brief), Dickinson did not challenge the court's dismissal of its breach of warranty and breach of duty of good faith and fair dealing claims (Counts Two and Three) as preempted by the Convention, *see* ECF 157, at 3–5; *see also Dickinson*, No. 22-35832, at 6, 2023 WL 6866273, at *2 (noting that Counts Two and Three "have not been appealed"). Nor did the Idaho company contest dismissal of its promissory estoppel claim (Count Four), which the court found "entirely duplicative of Count One's breach of contract claim . . . ." ECF 157, at 11 (citing *SilverWing at Sandpoint, LLC v. Bonner County*, 164 Idaho 786, 798, 435 P.3d 1106, 1118 (2019)).

Idaho Code § 12-120(3) for winning the appeal, which the court of appeals granted in a summary order. *See* Order, *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, Dkt. No. 54 (9th Cir. Jan. 10, 2024).

## Costs

"Unless . . . a court order provides otherwise, costs . . . should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Federal law governs the award of costs under this rule, including when state law otherwise controls substantive issues under *Erie. See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160, 1167 (9th Cir. 1995); 10 Wright & Miller, *Federal Practice & Procedure* § 2669 (4th ed. 2024 update).[3]

"In the event of a mixed judgment, . . . it is within the discretion of a district court to require each party to bear its own costs." *Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996);[4] *see also* 10 Wright & Miller, *Federal*

---

Instead, in relevant part Dickinson only challenged the district court's spoliation sanction, *see* Dickinson CA9 Brief at 20–53, 2023 WL 2436688, at **20–53, which was fatal exclusively for purposes of Count One. *See* ECF 157, at 5–10 (granting summary judgment to FPS as to Count One based on the spoliation order). Thus, even had Dickinson succeeded on appeal in overturning the spoliation order, only Count One would have been reinstated for further proceedings, as the court dismissed Counts Two, Three, and Four on other (unappealed) grounds.

[3] Choice of law matters as to costs because FPS tries to elide circuit precedent interpreting "prevailing party" in Rule 54 by relying on Idaho caselaw. *See* ECF 186, at 2–5.

[4] Citing *Amarel*, the Ninth Circuit has since repeatedly affirmed the denial of costs to both sides in cases such as this one involving mixed judgments. *See, e.g., Kiewit Power Constructors Co. v. City of Los Angeles*, 813 F. App'x 261, 266 (9th Cir. 2020);

*Practice & Procedure* § 2668 (4th ed. 2024 update) (denial of costs to both sides is "appropriate when *neither side entirely prevailed* or when both sides prevailed") (emphasis added and footnotes omitted); *Kropp v. Ziebarth*, 601 F.2d 1348, 1358 n.27 (8th Cir. 1979) ("[W]hen a defendant counterclaims for affirmative relief and neither party prevails on its claim, it is quite appropriate to deny costs to both parties.") (citing *Srybnik v. Epstein*, 230 F.2d 683 (2d Cir. 1956)).

Here, each party asserted four counts for relief against the other under the Convention and Idaho law. Both lost across the board on their affirmative claims, resulting in a "mixed judgment." *Amarel*, 102 F.3d at 1523; *see also* ECF 166 (judgment). Because each side partially succeeded in the sense of avoiding any liability to the other, the court finds that neither is a prevailing party for purposes of Federal Rule of Civil Procedure 54(d)(1).

Finally, FPS argues that under Federal Rule of Civil Procedure 68, it "is at least entitled to $5,002.59 in *nondiscretionary* costs because Dickinson never responded to [the former's] $10,000 offer of judgment" as to the latter's claims. ECF 183-1, at 26 (emphasis added). FPS is wrong because "Federal Rule 68 is inapplicable in a case" such as this one "in which the defendant obtains judgment." *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280 (9th

---

*Klune v. Palo Verde Health Care Dist.*, 761 F. App'x 751, 756 (9th Cir. 2019); *United States v. Safeco Ins. Co. of Am.*, No. 96-55503, 1997 WL 312232, at *2 (9th Cir. 1997).

Cir. 1999) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 352 (1981)). "Where a defendant prevails after making an offer of judgment, '*the trial judge retains his Rule 54(d) discretion.*'" *Id.* (emphasis added) (quoting *Delta Air Lines*, 450 U.S. at 354). FPS defeated Dickinson's affirmative claims for which the former made an offer of judgment, so the court has that discretion here. Accordingly, the court denies all costs to FPS because it is not the prevailing party in this mixed-judgment case.[5]

## Attorney's Fees

Under Idaho law, "the prevailing party" in "any civil action to recover on . . . [a] contract relating to the purchase or sale of goods . . . in any commercial transaction . . . shall be allowed a reasonable attorney's fee . . . ." Idaho Code § 12-120(3). "[C]ommercial transaction" is defined as "all transactions except [those] for personal or household purposes." *Id*. Fees are recoverable if "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Brower v. E.I. DuPont De Nemours & Co.*, 117 Idaho 780, 784, 792 P.2d 345, 349 (1990).

Dickinson doesn't dispute that § 12-120(3) on its face applies to all four counts of its complaint, because a commercial transaction—its purchase of an

---

[5] As a result, there is no need to address Dickinson's argument that even if FPS is a prevailing party for purposes of Federal Rule of Civil Procedure 54(d)(1), the court should disallow certain of the latter's claimed costs. *See* ECF 182, at 8–13.

industrial freezer—was integral to those claims. Instead, it argues that the Convention generally preempts the Idaho statute, *see* ECF 185, at 6–17, and that in any event FPS is not a prevailing party, *see id*. at 17–20.

The court need only address the latter question,[6] which is dispositive here. Under Idaho law,

> [i]n determining which party to an action is a prevailing party . . . , the trial court must, in its sound discretion, consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court may determine that a party to an action prevailed in part and did not prevail in part, and on so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resulting judgment or judgments obtained.

Idaho R. Civ. P. 54(d)(1)(B).

In applying this provision, the court weighs "the extent to which each party prevailed relative to the 'final judgment or result.'" *Hobson Fabricating*

---

[6] As to the former—whether the Convention preempts FPS's attorney's fee claim— the court observes that Dickinson asserted the same defense to the Canadian company's request for appellate fees. *See* Appellant Dickinson Frozen Foods, Inc.'s Opposition to Appellee FPS Food Process Solutions Corporation's Petition for Attorney Fees on Appeal, at 6–16, *Dickinson Frozen Foods, Inc. v. FPS Food Process Sols. Corp.*, No. 22-35832, Dkt. No. 48 (9th Cir. Nov. 27, 2023). The Ninth Circuit's summary order rejecting that theory is therefore law of the case. *See Hanna Boys Ctr. v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988) ("The law of the case applies to 'issues decided explicitly or by necessary implication in this court's previous disposition.'") (quoting *Liberty Mut. Ins. Co. v. E.E.O.C.*, 691 F.2d 438, 441 (9th Cir. 1982)). But Dickinson only appealed the dismissal of Count One (the Convention claim) of its complaint, *see* note 2, meaning that the fees at issue on appeal were limited to that count. The Ninth Circuit's order therefore does not necessarily foreclose the Idaho company's preemption defense to attorney's fees liability for losing on the remaining counts of its complaint. The court reserves judgment on that open question.

*Corp. v. SE/Z Constr., LLC*, 154 Idaho 45, 49, 294 P.3d 171, 175 (2012). And "[w]here there are claims and counterclaims between opposing parties, 'the prevailing party question is examined and determined from an overall view, not a claim-by-claim analysis.'" *Id.* (quoting *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 719, 117 P.3d 130, 133 (2005)). Under this framework, "the trial court has the discretion to decline an award of attorney fees *when it determines that both parties have prevailed in part.*" *Id.* (emphasis added) (citing *Oakes v. Boise Heart Clinic Physicians*, 152 Idaho 540, 545, 272 P.3d 512, 517 (2012)).

Here, both sides prevailed only in the sense of defeating the entirety of the *other's* claims. Count One of Dickinson's complaint (its Convention claim) sought damages for FPS's alleged breach of the parties' contract by "failing to provide a freezer that conformed with the Agreement's specifications." ECF 1, ¶ 26. This claim failed on summary judgment. *See* ECF 157, at 5–10. The Idaho company's remaining state-law claims were merely variations on that theme and suffered the same fate. *See id.* at 3–5, 10–13. If the court puts on blinders and limits its focus to that side of the equation, as FPS proposes, then of course the Canadian company is the prevailing party.

But taking the "overall view" means weighing that success against the smoldering ruins of FPS's counterclaim. Like Dickinson, the Canadian company sought contract damages under the Convention and state law, alleging

ORDER DENYING COSTS AND ATTORNEY'S FEES—7

that the Idaho entity breached its obligations by not "do[ing] all the acts ex-
pected in order to enable FPS to deliver and install the freezer" so that it would
function properly. ECF 13, ¶¶ 61 (Count One), 78 (same, Count Three). FPS
sought damages for "unnecessary repair, engineering, and travel expenses, as
well as product costs and lost opportunities." *Id.* ¶¶ 63, 79.

Unlike Dickinson, however, FPS sought much more than mere contract
damages. Under the Convention, it also sought *return* of the freezer in an un-
damaged state or its monetary equivalent.[7] *Id.* ¶¶ 71–74 (Count Two). Not only
that, FPS alleged that Dickinson's public statements about the former's prod-
ucts and services impugned its business reputation and were therefore defam-
atory per se. *Id.* ¶¶ 82–87 (Count Four). Thus, FPS's counterclaim significantly
expanded the scope of the litigation beyond the freezer performance issue
raised in Dickinson's complaint.[8] Because of the counterclaim, there were *four*

---

[7] The freezer was originally valued at $900,000. *Id.* ¶ 54.

[8] FPS misleadingly represents that its "*four* counterclaims were collectively worth
less than $1 million." *See* ECF 183-1, at 15 (emphasis added) (citing ECF 161, at 17–
18). The cited filing in turn referenced two of FPS's expert reports. Those, in turn,
only addressed the company's damages claims under Counts One and Three (for ex-
penses incurred in attempting to fix the freezer), *see* ECF 161-4, and under Count
Two (for return of the freezer), *see* ECF 161-5. *See also* ECF 161-1 (declaration of
FPS's counsel summarizing the contents of the export reports). The cited material
does not speak to the potential damages that might have been recovered under the
counterclaim's Count Four for defamation, which the court dismissed early on. *See*
ECF 25. This claim, if proven, might have yielded a significant recovery and thus was
hardly small potatoes. Thus, FPS's suggestion that from an "overall point of view" it
prevailed because of the disparity in damages identified by the parties' experts ($18

main issues in the case—FPS's liability for the allegedly malfunctioning freezer, Dickinson's liability for its alleged breach of *its* performance obligations, Dickinson's liability for not returning the freezer intact, and Dickinson's alleged defamation of FPS's business reputation. On all these issues, the party seeking affirmative relief lost.

FPS emphasizes the Idaho Supreme Court's decision in *Eighteen Mile Ranch*, which teaches that "courts must not ignore the value of a successful defense." 141 Idaho at 719, 117 P.3d at 133, *quoted in* ECF 183-1, at 12–13. There, a defendant which avoided all liability while obtaining "less than tremendous success on its counterclaim" was the prevailing party. *Id.*

The dispositive difference here is that FPS did not enjoy *any* success on its counterclaim. In *Eighteen Mile Ranch*, by contrast, the "verdict in [the defendant's] favor *and a victory on its counterclaim* (albeit a relatively small one), by definition, [made] it a prevailing party." *Id.* (emphasis added). As the Idaho Supreme Court later put it, the defendant in that case obtained a "*dual* victory." *Oakes*, 152 Idaho at 546, 272 P.3d at 518 (emphasis added). Because FPS did not achieve such a dual victory, *Eighteen Mile Ranch* does not help it.

---

million versus almost $1 million) fails on its terms because it overlooks the Canadian company's failed defamation claim for which no expert report was submitted. Beyond that, it ignores that prevailing-party status under Idaho law is not determined on a "claim-by-claim" basis, *Hobson*, 154 Idaho at 49, 294 P.3d at 175, which is the necessary result of tallying up claimed damages.

This case is instead more like *Jorgensen v. Coppedge*, where the defendants successfully fended off liability for a contract breach claim but lost counterclaims for over $452,000 that they had "vigorously pursued." 148 Idaho 536, 539, 224 P.3d 1125, 1128 (2010). The Idaho Supreme Court affirmed the trial court's finding that the defendants were not the prevailing party, as Idaho Rule of Civil Procedure 54(d)(1)(B) "expressly requires the [trial] court to consider the multiple claims between the parties." *Id.*

Like the *Jorgensen* defendants, FPS "made the decision to seek affirmative relief in the form of counterclaims rather than simply asserting defenses" to Dickinson's suit. *Id.* And like the *Jorgensen* defendants, the Canadian company aggressively pursued its counterclaims. Early in the litigation, it unsuccessfully opposed dismissal of its defamation counterclaim (Count Four) under Federal Rule of Civil Procedure 12(b)(6). *See* ECF 19, ECF 25. Some three years later—after extensive discovery—FPS moved for entry of default on its three surviving counts, ECF 130.[9]

After the failure of that ploy, FPS *affirmatively* (and unsuccessfully) moved for summary judgment as to liability on its three remaining counterclaims. *See* ECF 137. It also unsuccessfully opposed Dickinson's cross-motion

---

[9] The clerk dutifully entered the default, ECF 132, and the court promptly set it aside. *See* ECF 133.

for summary judgment as to two of those counts. *See* ECF 142; *see also* ECF 157, at 13–26 (denying FPS's motion and granting Dickinson's cross-motion).

Following the court's disposition of the parties' dueling summary judgment motions, all that remained for trial was FPS's Convention-based counterclaim (Count Two) for return of the freezer.[10] Dickinson then moved to stay proceedings on that count and certify the court's summary judgment ruling under Federal Rule of Civil Procedure 54(b) so that it could take an immediate appeal. ECF 159.

In opposing certification and a stay, FPS articulated a brand-new theory for Count Two of its counterclaim, *see* ECF 161, at 19 n.14, and argued that the court should schedule a "quick trial" resolving that "small remaining counterclaim," *id.* at 15. Doing so, it asserted, "would put (well-deserved) pressure on Dickinson to take stock of its weak litigation position and consider a reasonable settlement." *Id.* at 19 n.14.

Rather than resolve the difficult issue of Rule 54(b) certification or proceed to trial on FPS's "small remaining counterclaim" and new legal theory, the court reopened summary judgment practice based on its "skepticism about Count Two's viability" and "the interest in judicial economy that counsels against a potentially unnecessary trial or multiple appeals." ECF 163, at 2. Its

---

[10] In denying FPS's motion for summary judgment as to liability on Count Two, the court expressed doubts regarding that claim's merit. *See* ECF 157, at 23 n.16.

bluff called, the Canadian company then stipulated to dismissal of Count Two with prejudice. ECF 164.

In short, in over four years of litigation, FPS doggedly prosecuted its counterclaim. It would even have gone to trial on Count Two had the court not reopened summary judgment practice, which prompted the Canadian company to run up the white flag. The court therefore finds that like the *Jorgensen* defendants, FPS is not the prevailing party because it "vigorously pursued" its counterclaim, all counts of which failed. 148 Idaho at 539, 224 P.3d at 1128;[11] *see also Hobson*, 154 Idaho at 51, 294 P.3d at 177 (affirming trial court finding that neither side was the prevailing party in five years of litigation where "both parties were required to expend considerable resources both asserting and defending claims" and "[e]ach party prevailed on some issues and each party lost on other issues"); *Transp. Truck & Trailer, Inc. v. Freightliner, LLC*, 368 F. App'x 786, 789 (9th Cir. 2010) (holding that the district court "acted within Idaho law by declining to award attorneys' fees to either side where both parties had been partially successful (and partially unsuccessful)"); *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1025 (9th Cir. 2003) (affirming district court's finding that neither party prevailed under Idaho law for purposes of attorney's fees when "[b]oth parties prevailed in certain

---

[11] Because of this finding, the court need not address Dickinson's challenge to the reasonableness of FPS's claimed fees. *See* ECF 185, at 22–29.

respects on different claims and affirmative defenses"); *cf. Tapadeera, LLC v. Knowlton*, 153 Idaho 182, 189, 280 P.3d 685, 692 (2012) (appellee that won "but lost its cross-appeal" was "not the prevailing party"); *High Valley Concrete, L.L.C. v. Sargent*, 149 Idaho 423, 431, 234 P.3d 747, 755 (2010) (declining to award attorney's fees on appeal "[b]ecause each party prevailed, in part").

Faced with this wall of Idaho Supreme Court precedent and circuit decisions applying Idaho law, FPS invokes inapposite cases. First, it relies on *Chadderdon v. King*, where the Idaho Court of Appeals affirmed the trial court's finding that a defendant/counterclaimant that avoided liability but lost its counterclaim was nevertheless a prevailing party. 106 Idaho 406, 411, 659 P.2d 160, 165 (Idaho App. 1983), *cited in* ECF 183-1, at 16–17. In so doing, the court emphasized that it would not "limit[   ] the scope of the inquiry available to trial courts in fulfilling their discretionary functions" under Idaho Rule 54(d)(1)(B). *Id*. at 412, 659 P.2d at 166.

*Chadderdon* does not help FPS. There, a claim against the defendant was the "main issue" at trial. *See id*. at 411, 659 P.2d at 165. Here, in contrast, the court addressed three such main issues at summary judgment—Dickinson's claim for contract damages, the Canadian company's counterclaim for contract damages, and the latter's counterclaim for return of the freezer. FPS's multiple counterclaims burdened the parties and the court at least as much as Dickinson's claim for contract damages, if not more so.

ORDER DENYING COSTS AND ATTORNEY'S FEES—13

Even if the facts here resembled *Chadderdon*—and the court finds they do not—the trial court there only awarded the defendant the proportionate share of its fees incurred in defeating liability. *See id*. The Idaho Court of Appeals explained that under Idaho Rule 54(d)(1)(B), if a trial court "determines that a party prevailed only in part, it may apportion the costs and attorney fees among the parties in a fair and equitable manner." *Id*. Here, FPS seeks one hundred percent of its fees and has thus waived any claim to apportionment by failing to proffer any such allocation. In any event, the court finds that apportionment would not be "fair and equitable" given the substantial burdens the parties' respective claims and counterclaims placed on each other and the court.

The second case FPS invokes is *Shore v. Peterson*, 146 Idaho 903, 204 P.3d 1114 (2009), *cited in* ECF 186, at 4 n.1, which is even less helpful to its cause. There, the trial court found a defendant not to be the prevailing party, despite successfully defeating liability on a promissory note, because its counterclaim purportedly failed. *See id.* at 915, 204 P.3d at 1126. The Idaho Supreme Court reversed for two reasons. First, the plaintiff's attempt to collect on the note was the "primary issue." *Id.* Second, the defendant asserted its conversion counterclaim *in the alternative* to its (successful) affirmative defense of accord and satisfaction, *id*. & n.10, such that the former was never adjudicated on the merits, *id*. Here, by contrast, FPS's counterclaim—which

involved two of the three issues addressed on summary judgment—was *not* asserted in the alternative and *was* adjudicated on the merits.[12]

In sum, the court finds that because both parties succeeded in totally defeating the other's affirmative claims, neither is a prevailing party under Idaho law. FPS therefore has no entitlement to attorney's fees under Idaho Code § 12-120(3).

\*   \*   \*

For the reasons explained above, the court **DENIES** FPS's bill of costs (ECF 171) and motion for attorney's fees (ECF 183).

DATED: August 2, 2024                                    /s/ *M. Miller Baker*
                                                                    M. Miller Baker, Judge[13]

---

[12] FPS also points to an unpublished Idaho intermediate appellate court decision. *See* ECF 186, at 4 n.1 (citing *Action Collection Serv., Inc. v. Black*, No. 47864, 2021 WL 3891751, at \*7 (Idaho App. Sept. 1, 2021)). That case has no bearing here because the issue on appeal was not whether the defendant was the prevailing party—which was not in dispute—but rather the trial court's reduction of the fee award because the counterclaim was only partially successful. *See* 2021 WL 3891751, at \*\*6–7.

[13] Judge of the United States Court of International Trade, sitting by designation.